■ Marguerite Hollinger et al., Respondents, v Chestnut Ridge Racquet Corp., Appellant. [642 NYS2d 76] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered June 5, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Marguerite Hollinger alleges that she sustained injuries while playing tennis at a club owned by the defendant. Hollinger claims that while she was backpedaling to make a shot, her foot sank into the surface of the court, creating a divot, and causing her to fall.

In premises liability cases alleging injuries caused by a hazardous or unsafe condition, the plaintiff must demonstrate that the defendant either created the allegedly hazardous condition or had actual or constructive notice of it (see, Collins v Grand Union Co., 201 AD2d 852; Edwards v Terryville Meat Co., 178 AD2d 580). In moving for summary judgment, the defendant submitted evidence indicating that there was no defect in the surface of the court on which Hollinger was playing, either before or after Hollinger fell. The evidence submitted by the plaintiffs in opposition to the motion failed to establish that the defendant had actual or constructive notice of a hazardous condition. Although there is evidence that the defendant sprayed the courts with water at the end of each day, Hollinger does not claim to have slipped in a puddle of water, and the plaintiffs' contention that the defendant's maintenance procedures left Hollinger's court in a dangerously soft condition is speculative and unsupported by the record. The defendant is therefore entitled to summary judgment (see, Becker v Waldbaum, Inc., 221 AD2d 396; Moss v JNK Capital, 211 AD2d 769, affd 85 NY2d 1005). Sullivan, J. P., Copertino, Santucci and Goldstein, JJ., concur.