◼ EVANGELINE KATSORIS et al., Appellants, v WALDBAUM, INC., Respondent. [663 NYS2d 984] —In an action to recover dam-

ages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered September 11, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs base their allegations of negligence on the claim that the defendant had constructive notice of the condition which caused the injured plaintiff to slip and fall in its supermarket. It is well settled that in order to establish a prima facie case of negligence in a slip and fall case, a plaintiff must demonstrate that the defendant either created the condition which caused the plaintiff's fall, or had actual or constructive notice of it *(see, Hollinger v Chestnut Ridge Racquet Corp.,* 227 AD2d 380; *Kraemer v K-Mart Corp.,* 226 AD2d 590). To constitute constructive notice, a defect must be visible and apparent, and must exist for a sufficient length of time before the accident so as to permit the defendant's employees to discover and remedy it *(see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837). We agree with the Supreme Court that the plaintiff failed to raise an issue of fact as to constructive notice. Any finding that the grapes upon which the injured plaintiff allegedly slipped had been on the floor for any appreciable period of time would be mere speculation *(see, Rotunno v Pathmark,* 220 AD2d 570; *Bashaw v Rite Aid,* 207 AD2d 632; *Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.