■ MAXINE GRAUBART, Appellant, v LARO MAINTENANCE CORP. et al., Respondents. [664 NYS2d 116] —In an action to re-

cover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated June 5, 1996, as granted those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff alleged that she was injured when she slipped on a wet substance on the floor of the lobby of the Joseph Addabbo Federal Building in Jamaica, New York. The defendant Laro Maintenance Corp. provided janitorial services for the building pursuant to a subcontract with the defendant Ogden Government Services.

To establish a prima facie case of negligence in a so-called "slip and fall" case, a plaintiff must demonstrate that the defendant either created the condition which caused the plaintiff's fall, or had actual or constructive notice of it (see, Katsoris v Waldbaum, Inc., 241 AD2d 511; Kraemer v K-Mart Corp., 226 AD2d 590; see also, Piacquadio v Recine Realty Corp., 84 NY2d 967). To constitute constructive notice, a defect must be visible and apparent, and must exist for a sufficient length of time before the accident so as to permit the defendant's employees to discover and remedy it (see, Gordon v American Museum of Natural History, 67 NY2d 836, 837). Here, the defendants met their initial burden of establishing that they neither created nor were aware of the alleged dangerous condition.

In opposition, the plaintiff failed to raise an issue of fact as to actual or constructive notice. The record is devoid of proof that any of the defendants' employees had notice of the substance which caused the plaintiff to fall. Moreover, any finding that the substance had been on the floor for a sufficient length of time to permit the defendants' employees to discover and remedy the condition would be based on mere speculation (see, Masotti v Waldbaums Supermarket, 227 AD2d 532; Kraemer v K-Mart Corp., supra). Accordingly, the Supreme Court properly granted those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against them (see, Kuchman v Olympia & York, 238 AD2d 381; Beck v Waldbaum's, Inc., 238 AD2d 294; Kaplan v Waldbaums, Inc., 231 AD2d 680). Mangano, P. J., Rosenblatt, Pizzuto and Joy, JJ., concur.