■ Joyce Anderson et al., Respondents, v Central Tractor Farm & Family Center, Inc., Appellant. [673 NYS2d 271] —Spain, J. Appeal from an order of the Supreme Court (Best, J.), entered October 20, 1997 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Joyce Anderson (hereinafter plaintiff) and her husband, derivatively, commenced this action seeking damages for injuries allegedly sustained by plaintiff when she slipped in an aisle of defendant's store in the City of Amsterdam, Montgomery County. Supreme Court denied defendant's motion for summary judgment dismissing the complaint and this appeal ensued.

We affirm. Defendant "satisfied its burden of establishing prima facie that it did not create or have actual or constructive knowledge of the condition that caused plaintiff's injuries" (*McClarren v Price Chopper Supermarkets*, 226 AD2d 982, 983, *lv denied* 88 NY2d 811; *cf.*, *Van Steenburg v Great Atl. & Pac. Tea Co.*, 235 AD2d 1001). Defendant submitted plaintiff's depo-

sition testimony in which she testified that she was in the store approximately 15 to 20 minutes before she fell at 10:15 A.M., that upon arriving she looked for sale items in the seasonal area, met her husband in the middle of the store and then went to the chainsaw aisle. She further testified that she saw the oil for the first time after slipping and that she had no idea how long it was on the floor before she arrived (*see, Henness v Lusins*, 229 AD2d 873, 876). Defendant also submitted the affidavit of the store manager who stated that the store opened for business at 9:00 A.M. and that between 9:00 A.M. and 9:15 A.M. he walked down the chainsaw aisle, observed no foreign substance or oil on the floor, that no one told him that there was oil on the floor prior to plaintiff slipping and that he saw the oil for the first time after the accident was reported.

Since defendant satisfied its burden, it was incumbent upon plaintiffs to submit evidence raising a triable issue of fact as to whether defendant had constructive notice of the spill (*see, Hollinger v Chestnut Ridge Racquet Corp.*, 227 AD2d 380; *Bashaw v Rite Aid*, 207 AD2d 632). This required a showing that the spill was visible and apparent and existed for enough time before plaintiff fell to permit defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Plaintiff and her husband described the configuration of the spill as oblong and testified that the spill was three feet long. They also testified that they saw footprints through the substance, specifically 12 to 15 sets of tracks (*cf., Grimes v Golub Corp.*, 188 AD2d 721, 722). We find that this testimony provides the evidentiary basis for an inference as to the duration of the condition (*see, Salty v Altamont Assocs.*, 198 AD2d 591, 592; *cf., Hollinger v Chestnut Ridge Racquet Corp., supra*) and, therefore, was sufficient to raise a triable issue of fact as to whether the spill on the floor existed for any appreciable length of time so as to give rise to constructive notice (*see, Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699).

Mikoll, J. P., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.