■ KATHLEEN DOHERTY et al., Appellants, v GREAT ATLANTIC AND PACIFIC TEA Co., Respondent. [696 NYS2d 236] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Cowhey, J.), entered September 21, 1998, which

granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff fell in the defendant's parking lot when she slipped on a flat piece of white plastic the size of a credit card as she was returning to her car. In support of its motion for summary judgment, the defendant submitted the injured plaintiff's testimony that she did not notice the piece of plastic on the ground prior to her fall, and that she did not notice any other debris on the ground after her fall. The Supreme Court granted the defendant's motion for summary judgment.

In order to impose liability on the defendant, there must be some proof tending to show that the defendant had either actual or constructive notice of a dangerous condition or that it had created the dangerous condition causing injuries to the plaintiff (*see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692). To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Negri v Stop & Shop,* 65 NY2d 625, 626; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 249, *affd* 64 NY2d 670).

The defendant made a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see, Cellini v Waldbaum, Inc.,* 262 AD2d 345; *Dwoskin v Burger King Corp.,* 249 AD2d 358; *Bradish v Tank Tech Corp.,* 216 AD2d 505). Absent any evidence of how long the plastic had been on the floor, it would be pure speculation to infer that it had been on the ground for any appreciable length of time (*see, Gordon v American Museum of Natural History, supra; Kraemer v K-Mart Corp.,* 226 AD2d 590, 591; *Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835). Moreover, the defendant's "general awareness" that a dangerous condition might have been present was insufficient to establish constructive notice of the particular condition which caused the injured plaintiff's fall (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969; *Baumgartner v Prudential Ins. Co.,* 251 AD2d 358; *Bernard v Waldbaum, Inc.,* 232 AD2d 596; *Kraemer v K-Mart Corp., supra*). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.