■ ANNE M. SMITH, Appellant, v MAY DEPARTMENT STORE, Co., Individually and Doing Business as KAUFMANN'S DEPARTMENT STORE, Respondent. [705 NYS2d 153] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Plaintiff commenced this action to recover damages for the injuries that she sustained when she slipped and fell on a wet floor just inside the entrance of defendant's store. Contrary to the argument of plaintiff, defendant " 'satisfied its burden of establishing prima facie that it did not * * * have * * * constructive knowledge of the condition that caused plaintiff's injuries' " (*Anderson v Central Tractor Farm & Family Ctr.*, 250 AD2d 1023, quoting *McClarren v Price Chopper Supermarkets*, 226 AD2d 982, 983, *lv denied* 88 NY2d 811). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Defendant submitted the deposition testimony of plaintiff that she noticed the wet floor only after the accident. Defendant also submitted the deposition testimony and affidavit of the store manager indicating that, when she inspected the entrance before the accident, she did not see any moisture on the floor, that no one complained that the floor was wet prior to plaintiff's slipping and that, only after the accident, were a "few drops of water" seen on the floor (*see, Fasolino v Charming Stores*, 77 NY2d 847, 848; *Anderson v Central Tractor Farm & Family Ctr.*, *supra*). Although the store manager was aware that it had been raining, "a 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall" (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969).

In response, plaintiff did not raise a triable issue of fact. Even assuming that the wet floor was visible and apparent, we conclude that plaintiff "failed to submit admissible evidence that rain water had accumulated on the floor of the defendant's store for a sufficient length of time prior to the * * * accident, so as to charge the defendant with constructive notice of a dangerous condition" (*Maguire v Southland Corp.*, 245 AD2d 347, 348). (Appeal from Order of Supreme Court, Onondaga County, McCarthy, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.