■ Vincenta Price, Appellant, v EQK Green Acres, L.P., et al., Respondents. [713 NYS2d 488] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated July 23, 1999, as, upon renewal, adhered to its prior determination in an order dated March 30, 1999, granting the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that she was injured when she slipped and fell on a wet floor just inside the defendants' premises. To establish a prima facie case of negligence in a slip and fall

case, the plaintiff is required to present proof that the defendants created, or had actual or constructive notice of, the defective condition which allegedly caused her to fall (*see, Capraro v Staten Is. Univ. Hosp.*, 245 AD2d 256; *Katsoris v Waldbaum, Inc.*, 241 AD2d 511; *Kraemer v K-Mart Corp.*, 226 AD2d 590; *see also, Piacquadio v Recine Realty Corp.*, 84 NY2d 967). To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time before the accident to permit a defendant to discover and remedy it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Here, the defendants met their initial burden of establishing that they neither created nor were they aware of the alleged dangerous condition.

In opposition, the plaintiff failed to raise an issue of fact as to constructive notice. Any finding that the water had been on the floor for a sufficient length of time to permit the defendants' employees to discover and remedy the condition would be based on mere speculation (*see, Paciello v May Dept. Stores Co.*, 263 AD2d 533; *Graubart v Laro Maintenance Corp.*, 244 AD2d 457; *see also, Smith v May Dept. Store Co.*, 270 AD2d 870). Moreover, proof of a defendant's awareness of a general condition is not sufficient to establish constructive notice of the particular condition which caused the plaintiff to fall (*see, Piacquadio v Recine Realty Corp., supra*; *Paciello v May Dept. Stores Co., supra*). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.