■ Mayer Weber, Appellant, v Hyman Jacobs, Respondent, et al., Defendants. [733 NYS2d 910] —In an action, *inter*

*alia,* for a judgment declaring that the plaintiff is vested with the rights of a contract vendee of a certain leasehold interest, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (Kramer, J.), dated September 25, 2000, and (2) an amended order of the same court dated October 5, 2000, as granted that branch of the motion of the defendant Hyman Jacobs which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action for a declaratory judgment.

Ordered that the appeal from the order dated September 25, 2000, is dismissed, as that order was superseded by the amended order dated October 5, 2000; and it is further

Ordered that the order dated October 5, 2000, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff, Mayer Weber, is not the contract vendee of the defendant Sidjay of New Jersey, Inc., and that Sidjay of New Jersey, Inc., is not obligated to accept the plaintiff's bid; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff argues on appeal that the Supreme Court erred in dismissing his complaint insofar as asserted against the defendant Hyman Jacobs because he pleaded sufficient factual allegations demonstrating that the selection of Jacobs as the highest bidder resulted from a breach of the duty owed to him by the defendant Sidjay of New Jersey, Inc. (hereinafter Sidjay), to conduct a fair auction. This argument, which cannot fairly be inferred or deduced from the first cause of action as pleaded, is improperly advanced for the first time on appeal and thus is unpreserved for appellate review (*see, Gorenstein v Debralaurie Realty Co.,* 280 AD2d 642, *lv denied* 96 NY2d 720; *Gatz v Otis Ford,* 262 AD2d 280, 281; *Baine v Town of Oyster Bay,* 258 AD2d 608, 609; *Rotundo v S & C Magnetic Resonance Imaging,* 255 AD2d 573, 574; *Brown Plastics Mach. v Rolex Plastics,* 191 AD2d 537, 538; *Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561). "An appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance" (*Fresh Pond Rd. Assocs. v Estate of Schacht, supra,* at 561; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757, 758).

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that the plaintiff is not the contract vendee of Sidjay and that

Sidjay is not obligated to accept the plaintiff's bid (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Santucci, J. P., Goldstein, McGinity and Crane, JJ., concur.