◼ KAREN ADAMS, Respondent, v AUTUMN THOUGHTS, INC., Doing Business as NIETZSCHE'S, et al., Appellants. [747 NYS2d 651] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered October 4, 2001, which denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously modified on the law by granting in part defendants' motion and dismissing the complaint insofar as it alleges that defendants created or had actual notice of the alleged dangerous condition and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she stepped backward, slipped and fell on the floor of defendant nightclub, owned and operated by defendant Joseph Rubino. Contrary to the contention of defendants, Supreme Court properly denied that part of their motion seeking summary judgment dismissing the complaint insofar as it alleges that a dangerous condition on the floor of the nightclub was a proximate cause of plaintiff's accident and resulting injury and that defendants had constructive notice of the alleged dangerous condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant[s'] employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837). Here, plaintiff testified at her deposition that, after she stepped backward and fell, her pants were wet and her hands were covered with "slimy sludge" that was "dirty" and "black, brown." Although plaintiff did not observe any substance on the floor prior to her fall, two nonparty witnesses testified at their depositions that they observed the substance on the floor at least 30 to 60 minutes prior to plaintiff's fall. Thus, even assuming, arguendo, that defendants established their entitlement to judgment as a matter of law, we conclude that plaintiff raised an issue of fact whether defendants had constructive notice of the alleged dangerous condition (*see Anderson v Central Tractor Farm & Family Ctr.,* 250 AD2d 1023, 1024; *cf. Smith v May Dept. Store, Co.,* 270 AD2d 870, 870) and whether the alleged dangerous condition was a proximate cause of plaintiff's fall (*cf. Richardson-Dorn v Golub Corp.,* 252 AD2d 790, 791).

Plaintiff conceded before the court, however, that she could not prove that defendants either created the alleged dangerous condition or had actual notice of that condition, and thus we conclude that the court erred in failing to grant defendants' motion seeking summary judgment dismissing the complaint insofar as it alleges that defendants created or had actual notice of the alleged dangerous condition.

We therefore modify the order by granting in part defendants' motion and dismissing the complaint insofar as it alleges that defendants created or had actual notice of the alleged danger-

ous condition. Present—Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.