■ TAMARA ZELENAYA, Respondent, v SOLOMON ROSENGARTEN, Appellant. [753 NYS2d 116] —In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated March 21, 2002, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"To prevail in a legal malpractice action, the plaintiff must establish that the defendant failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community; that such negligence was the proximate cause of the actual damages sustained by the plaintiff; *and that but for the negligence,* the plaintiff would have been successful in the underlying action" (*Svigals v Hopgood, Calimafde, Kalil & Judlowe,* 256 AD2d 460 [emphasis added]; *see Andrews Beverage Distrib. v Stern,* 215 AD2d 706; *Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511, 513).

The plaintiff was injured when she slipped and fell on an allegedly wet floor located within the Jacob Javits Federal Office Building in Manhattan, owned by the United States General Services Administration and maintained by Fedcap Rehabilitation Services, Inc. (hereinafter Fedcap). The plaintiff contends, inter alia, that the defendant, her former attorney, committed legal malpractice by failing to timely commence a negligence action on her behalf against Fedcap. The Supreme Court denied the defendant's motion for summary judgment which was based, in part, on the defendant's argument that the plaintiff failed to demonstrate that but for the defendant's alleged negligence, she would have prevailed in a lawsuit against Fedcap. We reverse.

"To establish a prima facie case of negligence in a so-called 'slip and fall' case, a plaintiff must demonstrate that the defendant either created the condition which caused the plaintiff's fall, or had actual or constructive notice of it" (*Graubart v Laro Maintenance,* 244 AD2d 457, 458; *see Gordon v American Museum of Natural History,* 67 NY2d 836; *Moody v Woolworth Co.,* 288 AD2d 446). Here there is no suggestion that Fedcap created a wet floor condition within the building on the day of the accident. Moreover, there is no proof that Fedcap had notice of any such defective or dangerous condition. Indeed, the record does not even establish that this condition existed on the subject date, and, tellingly, the plaintiff testified at her deposition that she did not observe any water on the floor before she fell (*see Fargot v Pathmark Stores,* 264 AD2d 708; *Alatief v New York City Tr. Auth.,* 256 AD2d 371; *Zonitch v Plaza at Latham,* 255 AD2d 808).

Therefore, having failed to establish a prima facie case of negligence, it is axiomatic that the plaintiff would not have been successful in a "slip and fall" lawsuit against Fedcap (*Graubart v Laro Maintenance, supra*; *see Gordon v American Museum of Natural History, supra*; *Alatief v New York City Tr. Auth., supra*). Accordingly, as the defendant demonstrated that the plaintiff could not have prevailed even if a timely action had been commenced against Fedcap, and the plaintiff failed to raise a triable issue of fact in this regard, the defendant was entitled to summary judgment dismissing the complaint to recover damages for legal malpractice (*see Andrews Beverage Distrib. v Stern, supra*). Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.