■ Peter Torino, Appellant, v Edwards Super Food Stores, Respondent, et al., Defendant. [753 NYS2d 750] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated December 6, 2001, as granted that branch of the motion of the defendant Edwards Super Food Stores which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly tripped and fell on masonite boards scattered on the floor in front of a Pepsi soda display, which was located in the aisle of a supermarket operated by defendant Edwards Super Food Stores (hereinafter Edwards). The display was erected and replenished by the defendant Ask Beverage, also known as LI Pepsi.

A plaintiff in a slip-and-fall case must demonstrate that the defendant either created the condition which caused the plaintiff's fall, or had actual or constructive notice of it (*see Pianforini v Kelties Bum Steer*, 258 AD2d 634; *Katsoris v Waldbaum, Inc.*, 241 AD2d 511; *Kraemer v K-Mart Corp.*, 226 AD2d 590; *Rotunno v Pathmark*, 220 AD2d 570). To constitute constructive notice, a defect must be visible and apparent and must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836).

There was no evidence that Edwards caused the boards to be on the floor, or that Edwards had actual or constructive notice of such condition. Accordingly, Edwards demonstrated its prima facie entitlement to summary judgment and the plaintiff failed to raise a triable issue of fact in opposition (*see Pianforini v Kelties Bum Steer, supra*; *Katsoris v Waldbaum, Inc., supra*; *Kraemer v K-Mart Corp., supra*; *Rotunno v Pathmark, supra*).

The plaintiff's remaining contention is without merit. Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.