■ MAUREEN CASTROGIVANNI, Appellant, v TARGET STORES, INC., et al., Respondents. [771 NYS2d 697]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated October 17, 2002, as granted the motion of the defendants Target Stores, Inc., and Kimko Realty Corporation, for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the cross motion of the defendant Meadowbrook Parking Area Contractors which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendants Target Stores, Inc. (hereinafter Target), and Kimko Realty Corporation (hereinafter Kimko) made out a prima facie case entitling them to summary judgment by showing that they neither created the complained-of condition nor had actual or constructive notice thereof. In opposition, the plaintiff failed to show the existence of a triable factual issue (see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]; Gordon v American Museum of Natural History, 67 NY2d 836, 838 [1986]; Price v EQK Green Acres, 275 AD2d 737, 738 [2000]; Graubart v Laro Maintenance, 244 AD2d 457, 458 [1997]; Kalogerides v Citibank, 233 AD2d 298 [1996]; cf. Kelly v Media Serv. Corp., 304 AD2d 717 [2003]).

Similarly, in response to the prima facie showing by the defendant Meadowbrook Parking Area Contractors that it assumed no duty to the plaintiff by virtue of its limited contract with Kimko to sweep Target's parking lot, the plaintiff failed to

raise a triable issue of fact as to the existence of a duty or breach thereof (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140-141 [2002]; *Riekers v Gold Coast Plaza*, 255 AD2d 373, 374 [1998]).

Accordingly, the Supreme Court correctly granted summary judgment in favor of the defendants (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.