■ DERLIN SANCHEZ, Appellant, v BARNES & NOBLE, INC., Respondent, et al., Defendants. [875 NYS2d 499]—In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), entered September 24, 2007, as granted that branch of the cross motion of the defendant Barnes & Noble, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendant Barnes & Noble, Inc.

The defendant Barnes & Noble, Inc. (hereinafter Barnes & Noble), established its prima facie entitlement to judgment as a matter of law by showing that it neither created nor had actual or constructive notice of the alleged defect which caused the plaintiff's injury (*see Gordon v American Museum of Natural*

*History,* 67 NY2d 836, 837 [1986]). In opposition to that showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court did not err in granting that branch of Barnes & Noble's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Mastro, J.P., Florio, Eng and Chambers, JJ., concur. [*See* 2007 NY Slip Op 32949(U).]