■ CAROL TEPLIN et al., Appellants, v BONWIT INN et al., Respondent. (And a Third-Party Action.) [881 NYS2d 897]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated April 1, 2008, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Carol Teplin allegedly sustained injuries when she tripped and fell at the defendant restaurant Bonwit Inn. In

order to prevail in a trip-and-fall case, the "plaintiff must demonstrate that the defendant had actual or constructive notice of the allegedly defective condition that caused the fall, or created that condition" (*Brown v Outback Steakhouse*, 39 AD3d 450, 450 [2007]; *see Price v EQK Green Acres*, 275 AD2d 737 [2000]; *Kraemer v K-Mart Corp.*, 226 AD2d 590 [1996]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the allegedly defective condition (*see Starling v Suffolk County Water Auth.*, 63 AD3d 822 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact (*id.*; *see Sanchez v Barnes & Noble, Inc.*, 59 AD3d 699, 699-700 [2009]; *Gilliam v White Castle*, 8 AD3d 428 [2004]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Miller, Chambers and Austin, JJ., concur.