■ GARY FLETCHER, Plaintiff, and DARLENE GIAMMANCHERI, Respondent, v WESTBURY TOYOTA, INC., et al., Appellants. [890 NYS2d 61]—

In an action to recover damages for personal injuries, etc., the defendants Westbury Toyota, Inc., Sean A. Dennis, and Philip Stenger appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated October 21, 2008, as granted the cross motion of the plaintiff Darlene Giammancheri for summary judgment dismissing the counterclaim for contribution asserted by the defendants Westbury Toyota, Inc., and Sean A. Dennis against her.

Ordered that the appeal by the defendant Philip Stenger is dismissed, as that defendant is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

As the defendants Westbury Toyota, Inc., and Sean A. Dennis (hereinafter the defendants) correctly contend, the order appealed from erroneously characterized the plaintiff Darlene Giammancheri's cross motion for summary judgment dismissing the counterclaim for contribution against her as being "without opposition." The record demonstrates that the defendants submitted timely papers containing admissible evidence in opposition to the motion, and the order recited those opposition papers as having been "used on the motion" (CPLR 2219 [a]).

Similarly, the defendants correctly contend that Giam-

mancheri improperly advanced her factual contention regarding proximate cause for the first time on this appeal, since she never raised that proximate cause argument in support of her cross motion in the Supreme Court (*see Bingham v New York City Tr. Auth.*, 99 NY2d 355, 359 [2003]; *Matter of Mercury Ins. Group v Ocana*, 46 AD3d 561, 562 [2007]; *Weber v Jacobs*, 289 AD2d 226, 227 [2001]; *Fresh Pond Rd. Assoc. v Estate of Schacht*, 120 AD2d 561 [1986]; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757, 758 [1985]).

However, the Supreme Court properly granted Giammancheri's cross motion for summary judgment dismissing the counterclaim for contribution. Giammancheri sustained her burden of establishing prima facie that she was under no legal duty to replace the inoperable airbag in her vehicle (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), and the defendants failed to raise a triable issue of fact as to any common-law or statutory authority for the existence of such a duty on her part to rebut this showing (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In the absence of any triable issue of fact as to such a duty, there was no negligence by Giammencheri upon which the defendants' counterclaim could be premised and summary judgment was properly granted to Giammancheri. Rivera, J.P., Florio, Miller and Hall, JJ., concur.