■ GENEVIEVE TORRE et al., Appellants, v HUGUENOT PROPERTIES, INC., Defendant, and RICHMOND FIESTA MARKET, INC., Respondent. [909 NYS2d 479]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (McMahon, J.), dated June 19, 2009, which granted the motion of the defendant Richmond Fiesta Market, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The injured plaintiff allegedly slipped and fell in the parking lot abutting the entrance to the premises of the defendant Richmond Fiesta Market, Inc. (hereinafter Richmond Fiesta). She testified at her deposition that, while walking between two parked cars, she felt a hard object under her left foot, which caused her foot to slip out from under her. A few minutes after the accident, the injured plaintiff returned to the spot where she had fallen, saw a crushed water bottle on the ground, and identified it as the hard object which had caused her to fall.

Richmond Fiesta established its entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of the condition alleged by the plaintiffs to have caused the accident (see Lipsky v Firebaugh Realty Corp., 26 AD3d 313 [2006]; Doherty v Great Atl. & Pac. Tea Co., 265 AD2d 447 [1999]; Cuddy v Waldbaum, Inc., 230 AD2d 703 [1996]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted Richmond Fiesta's motion for summary judgment dismissing the complaint insofar as asserted against it. Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.