■ JEANNE WEEMAN, Appellant, v ROUSE SI SHOPPING CENTER, LLC, et al., Respondents, et al., Defendants. [912 NYS2d 662]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated April 8, 2008, which granted the separate motions of the defendants Rouse SI Shopping Center, LLC, and ABCO Maintenance, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs to the respondents.

The plaintiff allegedly was injured when she tripped over a wire coat hanger in a parking lot owned by the defendant Rouse SI Shopping Center, LLC (hereinafter Rouse SI). Thereafter, she commenced this action against, among others, Rouse SI and the defendant ABCO Maintenance, Inc. (hereinafter ABCO), a company hired by Rouse SI to sweep the parking lot at night. Rouse SI moved for summary judgment dismissing the complaint insofar as asserted against it, and ABCO separately moved for the same relief.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d 673, 674 [2007]; *see Richards v Passarelli*, 77 AD3d 905 [2010]; *Torre v Huguenot Props., Inc.*, 77 AD3d 732 [2010]). Rouse SI established its prima facie entitlement to judgment as a matter of law by demonstrating that it neither created nor had actual or constructive notice of the condition alleged by the plaintiff to have caused the accident (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Torre v Huguenot Props., Inc.*, 77 AD3d 732 [2010]; *Castrogivanni v Target Stores*, 4 AD3d 446, 446-447 [2004]; *Pianforini v Kelties Bum Steer*, 258 AD2d 634, 635 [1999]; *Kalogerides v Citibank*, 233 AD2d 298 [1996]; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280, 281 [1994]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Any finding that the coat hanger had been on the ground for an appreciable period of time sufficient to charge Rouse SI with constructive notice would be speculative (*see Green v City of New York*, 34 AD3d 528, 529

[2006]; *Price v EQK Green Acres*, 275 AD2d 737, 738 [2000]; *Doherty v Great Atl. & Pac. Tea Co.*, 265 AD2d 447, 448 [1999]; *Pianforini v Kelties Bum Steer*, 258 AD2d at 635; *Katsoris v Waldbaum, Inc.*, 241 AD2d 511, 512 [1997]).

Furthermore, in response to ABCO's prima facie showing that it assumed no duty to the plaintiff by virtue of its limited contract with Rouse SI to sweep the parking lot, the plaintiff failed to raise a triable issue of fact as to the existence of a duty (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677 [2008]; *Castrogivanni v Target Stores*, 4 AD3d at 446-447; *Baratta v Home Depot USA*, 303 AD2d 434, 434-435 [2003]; *Bugiada v Iko*, 274 AD2d 368, 369 [2000]; *Riekers v Gold Coast Plaza*, 255 AD2d 373, 374 [1998]).

Accordingly, the Supreme Court properly granted the separate motions of Rouse SI and ABCO for summary judgment dismissing the complaint insofar as asserted against each of them. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.