■ INSOOK LEE et al., Appellants, v PORT CHESTER COSTCO WHOLESALE et al., Respondents. [918 NYS2d 549]—

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d 673, 674 [2007]; *see Torre v Huguenot Props., Inc.*, 77 AD3d 732 [2010]; *Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008]; *Doherty v Great Atl. & Pac. Tea Co.*, 265 AD2d 447, 448 [1999]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the condition alleged by the injured plaintiff to have caused the accident based on, inter alia, evidence that frequent inspections for debris and tripping hazards were performed by store employees on the date of the accident, but prior to the accident (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Perez v Walgreen Co.*, 56 AD3d 634, 635 [2008]; *Sloane v Costco Wholesale Corp.*, 49 AD3d at 523; *Popovec v Great Atl. & Pac. Tea Co., Inc.*, 26 AD3d 321 [2006]; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280, 281 [1994]). The plaintiffs' contentions regarding the admissibility of certain documents submitted in support of the motion for summary judgment are not properly before this Court, as the plaintiffs failed to raise those contentions in response to the defendants' motion (*see Fletcher v Westbury Toyota, Inc.*, 67 AD3d 730, 730-731 [2009]; *Matter of Mercury Ins. Group v Ocana*, 46 AD3d 561, 562 [2007]; *Weber v Jacobs*, 289 AD2d 226, 227 [2001]).

In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether the defendants created or had actual or constructive notice of the condition, as the plaintiffs submitted no proof of the length of time that the condition that is alleged to have caused the ac-

cident—food on the floor—was present (*see Perez v Walgreen Co.*, 56 AD3d at 635; *Sloane v Costco Wholesale Corp.*, 49 AD3d at 523; *Frazier v City of New York*, 47 AD3d 757, 758 [2008]; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d at 281). The affidavit of the plaintiffs' expert, who opined that the presence of debris in certain areas of the building would violate various regulations, failed to raise a triable issue of fact, as there was no evidence that the defendants had notice of the presence of any such debris. In addition, although the expert opined that a hazardous condition was created by the alleged slope of the floor in conjunction with the food that was there, any evidence as to the slope of the floor was not shown to be causally related to the accident, as the injured plaintiff did not testify at her deposition that the slope of the floor caused her to fall (*see Raghu v New York City Hous. Auth.*, 72 AD3d 480, 482 [2010]).

Further, the plaintiffs' contention that the evidence submitted by them raised triable issues of fact as to whether a recurring dangerous condition caused the accident was not raised in opposition to the defendants' summary judgment motion. Consequently, this contention is not properly before this Court (*see Fletcher v Westbury Toyota, Inc.*, 67 AD3d at 730-731; *Matter of Mercury Ins. Group v Ocana*, 46 AD3d at 562; *Weber v Jacobs*, 289 AD2d at 227). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.