■ ANNIE INGRAM, Respondent, v LONG ISLAND COLLEGE HOSPITAL, Defendant/Third-Party Plaintiff-Appellant-Respondent. FRESENIUS MEDICAL CARE, Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant. [956 NYS2d 107]—

The plaintiff allegedly tripped and fell over a piece of plastic used for bundling bed sheets while she was walking to her chair for treatment in the dialysis unit of the defendant/third-party plaintiff, Long Island College Hospital (hereinafter LICH). Thereafter, the plaintiff commenced this action against LICH to recover damages for personal injuries, and LICH commenced a third-party action against, among others, Fresenius Medical Care (hereinafter FMC). Subsequently, FMC moved, inter alia, for summary judgment dismissing the complaint and the third-party complaint insofar as asserted against it, and LICH cross-moved, inter alia, for summary judgment dismissing the complaint and on its third-party causes of action for contractual and common-law indemnification.

In a trip-and-fall case, a plaintiff must demonstrate that the defendant had actual or constructive notice of the allegedly dangerous condition that caused the fall, or created that condition (*see Teplin v Bonwit Inn*, 64 AD3d 642, 642-643 [2009]; *Brown v Outback Steakhouse*, 39 AD3d 450 [2007]).

LICH and FMC satisfied their respective prima facie burdens of establishing their entitlement to summary judgment dismissing the complaint. They established that LICH did not create the allegedly dangerous condition by demonstrating that the employees of New York Dialysis Services, Inc., a nonparty, removed the plastic from the sheets (*see Ameneiros v Seaside Co., LLC*, 81 AD3d 760, 761 [2011]). Further, it was demonstrated that LICH did not have actual or constructive notice of the alleged dangerous condition. Through the deposition testimony of Ramesh Deonarain, LICH's housekeeper, and that of Alan Zwerin, FMC's area manager, it was demonstrated that LICH had not received any complaints about plastic on the floor and had never observed that condition in the past. The unit in which the plaintiff received treatment was cleaned overnight, and she was one of the first patients in the unit at 6:00 a.m. on the day of her accident (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Neither the plaintiff nor the nonparty witness, Alice Moye, observed any plastic on the floor before the plaintiff's accident (*see Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]; *Crapanzano v Balkon Realty Co.*, 68 AD3d 1042, 1043 [2009]; *Doherty v Great Atl. & Pac. Tea Co.*, 265 AD2d 447, 448 [1999]). It was also demonstrated that LICH did not have actual knowledge of an ongoing and recurring dangerous condition such that it should be charged with constructive notice of each specific reoccurrence of that condition (*see Brown v Linden Plaza Hous. Co., Inc.*, 36 AD3d 742 [2007]). Although the plaintiff previously had

observed plastic on the floor, she admitted that she had never complained about it, and while Moye had written a letter complaining about the general condition of the unit, she never mentioned the specific condition at issue (*see Anderson v Central Val. Realty Co.*, 300 AD2d 422, 423 [2002]). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted those branches of LICH's cross motion and FMC's motion which were for summary judgment dismissing the complaint.

In light of this determination, that branch of LICH's cross motion which was for summary judgment on its third-party causes of action for contractual and common-law indemnification should have been denied as academic, and that branch of FMC's motion which was for summary judgment dismissing the third-party complaint should have been granted (*see Spence v Island Estates at Mt. Sinai II, LLC*, 79 AD3d 936, 939 [2010]; *Hoover v International Bus. Machs. Corp.*, 35 AD3d 371, 372 [2006]). Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.