# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**215**
**CA 14-01104**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

KEITH HAGENBUCH, PLAINTIFF-RESPONDENT,

V                                                           MEMORANDUM AND ORDER

VICTORIA WOODS HOA, INC., CROFTON
ASSOCIATES, INC., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

OSBORN, REED & BURKE, LLP, ROCHESTER (JENNIFER B. TAROLLI OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

E. MICHAEL COOK, P.C., ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment and order (one paper) of the Supreme
Court, Monroe County (John J. Ark, J.), entered November 21, 2012 in a
personal injury action. The judgment and order, among other things,
denied the motion of defendants-appellants for summary judgment
dismissing the complaint and all cross claims against them.

It is hereby ORDERED that the judgment and order so appealed from
is unanimously modified on the law by granting in part the motion of
defendants-appellants and dismissing the complaint against them to the
extent that the complaint, as amplified by the bill of particulars,
alleges that they created or had actual notice of the allegedly
dangerous condition, and as modified the judgment and order is
affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he allegedly sustained when he slipped and fell on a patch of
ice at a complex owned by Victoria Woods HOA, Inc. and managed by
Crofton Associates, Inc. (defendants). Supreme Court erred in denying
that part of defendants' motion for summary judgment dismissing the
complaint to the extent that the complaint, as amplified by the bill
of particulars, alleges that defendants were negligent because they
created or had actual notice of the allegedly dangerous condition, and
we therefore modify the judgment and order accordingly. Defendants
met their initial burden with respect thereto (*see generally Sweeney v
Lopez*, 16 AD3d 1174, 1175), and plaintiff did not oppose the motion to
that extent, thus implicitly conceding that defendants were entitled
to summary judgment to that extent (*see Adams v Autumn Thoughts*, 298
AD2d 945, 946).

The court properly denied the motion, however, to the extent that

the complaint, as amplified by the bill of particulars, alleges that defendants were negligent based on their constructive notice of the allegedly dangerous condition.  Defendants failed to meet their initial burden of establishing that the ice was not visible and apparent, or "that the ice formed so close in time to the accident that they could not reasonably have been expected to notice and remedy the condition" (*Jordan v Musinger*, 197 AD2d 889, 890; *see Gwitt v Denny's, Inc.*, 92 AD3d 1231, 1231-1232; *Kimpland v Camillus Mall Assoc., L.P.*, 37 AD3d 1128, 1128-1129).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court