Mills v Niagara Frontier Transp. Auth. (2018 NY Slip Op 05098)





Mills v Niagara Frontier Transp. Auth.


2018 NY Slip Op 05098


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


724 CA 18-00134

[*1]THOMAS L. MILLS, PLAINTIFF-RESPONDENT,
v
NIAGARA FRONTIER TRANSPORTATION AUTHORITY AND NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC., DEFENDANTS-APPELLANTS.






DAVID J. STATE, GENERAL COUNSEL, BUFFALO (VICKY-MARIE J. BRUNETTE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered May 2, 2017. The order denied the motion of defendants for summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the amended complaint to the extent that the amended complaint, as amplified by the bill of particulars, alleges that defendants created the allegedly dangerous condition, negligently maintained and inspected the bus on which the allegedly dangerous condition existed, and failed to warn plaintiff of the allegedly dangerous condition, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when he slipped and fell while a passenger on a bus owned by defendant Niagara Frontier Transit Metro System, Inc., which is a subsidiary of defendant Niagara Frontier Transportation Authority. It is undisputed that plaintiff fell after he slipped in a puddle of hydraulic fluid that had been caused by a malfunctioning piece of equipment. In his amended complaint, as amplified by his bill of particulars, plaintiff alleged that defendants had actual and/or constructive notice of the allegedly dangerous condition, created the condition, failed to warn plaintiff of the condition, and negligently maintained or inspected the bus. Defendants moved for summary judgment dismissing the amended complaint, and plaintiff opposed the motion, contending only that there were triable issues of fact with respect to the theories of actual and constructive notice. We conclude that Supreme Court properly denied the motion insofar as it sought to dismiss the negligence claims predicated on the theories of actual and constructive notice, but erred in denying the motion with respect to the other theories of negligence.
Generally, in premises liability actions, where a defendant moves for summary judgment on the ground that it was not negligent, the defendant bears "the initial burden of establishing that it maintained its premises in a reasonably safe condition, had no actual or constructive knowledge of the [allegedly dangerous condition] and did not create the allegedly dangerous condition" (Atkinson v Golub Corp. Co., 278 AD2d 905, 905-906 [4th Dept 2000]; see Jarvis v LaFarge N. Am., Inc. [appeal No. 4], 52 AD3d 1179, 1181-1182 [4th Dept 2008], lv denied 11 NY3d 707 [2008]). That general rule applies where, as here, the plaintiff is injured as the result of an allegedly dangerous condition on a bus (see Barrett v New York City Tr. Auth., 80 AD3d 550, 550-551 [2d Dept 2011]; Cintron v New York City Tr. Auth., 61 AD3d 803, 804 [2d Dept 2009]; Blackwood v New York City Tr. Auth., 36 AD3d 522, 523 [1st Dept 2007]).
We agree with defendants that they met their initial burden of establishing as a matter of law that they did not create the allegedly dangerous condition and that the bus was properly [*2]maintained and inspected. We also note that defendants established as a matter of law that the condition was open and obvious, thereby negating any duty to warn (see Pelow v Tri-Main Dev., 303 AD2d 940, 941 [4th Dept 2003]). "[P]laintiff did not oppose the motion to that extent, thus implicitly conceding that defendants were entitled to summary judgment to that extent" (Hagenbuch v Victoria Woods HOA, Inc., 125 AD3d 1520, 1521 [4th Dept 2015]; see Clarke v Wegmans Food Mkts., Inc., 147 AD3d 1401, 1402 [4th Dept 2017]). We therefore modify the order accordingly.
We further conclude, however, that defendants failed to establish as a matter of law that they lacked actual or constructive notice of the allegedly dangerous condition. "To establish that they did not have actual notice of the allegedly dangerous condition, defendants were required to show that they did not receive any complaints concerning the area where plaintiff fell and were unaware of any [fluid] or other substance in that location prior to plaintiff's accident" (Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469 [4th Dept 2013]; see Costanzo v Woman's Christian Assn. of Jamestown, 92 AD3d 1256, 1257 [4th Dept 2012]). To establish that they did not have constructive notice of the allegedly dangerous condition, defendants had the burden of establishing "as a matter of law that the condition was not visible and apparent or that it had not existed for a sufficient length of time before the accident to permit defendants or their employees to discover and remedy it" (Finger v Cortese, 28 AD3d 1089, 1091 [4th Dept 2006]; see Rivers v May Dept. Stores Co., 11 AD3d 963, 964 [4th Dept 2004]).
In support of their motion, defendants submitted a DVD containing video of the incident that was recorded by security cameras inside the bus. The video begins at approximately 10:57 p.m., immediately after a scheduled layover. When the video begins, the entire bus is empty and a large puddle of fluid is clearly visible on the floor of the upper rear deck of the bus. It is several feet in length and, at its widest, is approximately one foot across. At the beginning of the video, one can see dark areas to the front and side of the puddle as well as on one step leading up to the rear deck. Those dark areas appear to be track marks that existed before any passengers boarded the bus following that scheduled layover. Plaintiff enters the bus at 11:00:04 p.m., and he slips in the puddle at 11:00:21 p.m., striking his head and shoulder on a seat in the back of the bus. During the entire video, which is approximately 30 minutes in length, the size of the puddle does not change appreciably.
Defendants also submitted excerpts of deposition testimony from the bus operator as well as a recording of his call to "control" to report the incident. The bus operator maintained that he had inspected the bus during the layover and that the puddle did not exist at that time. According to defendants' route information reports, which were submitted in support of the motion, the layover occurred from 10:40 p.m. until approximately 10:58 p.m. and, as noted above, the video began at approximately 10:57 p.m., i.e., one minute before the layover concluded. In our view, the bus operator's statements regarding his inspection seem inconsistent with the video evidence.
"On a motion for summary judgment, . . . self-serving statements of an interested party which refer to matters exclusively within that party's knowledge create an issue of credibility which should not be decided by the court but should be left for the trier of facts" (Sacher v Long Is. Jewish-Hillside Med. Ctr., 142 AD2d 567, 568 [2d Dept 1988]). Indeed, "[i]f everything or anything had to be believed in court simply because there is no witness to contradict it, the administration of justice would be a pitiable affair" (Punsky v City of New York, 129 App Div 558, 559 [2d Dept 1908]).
Here, although the bus operator claimed that he inspected the bus during the layover and did not see any oil on the floor, there was no one else on the bus at the time, and defendants did not preserve the relevant portion of the video of the bus interior during the layover. Thus, plaintiff is not in a position to refute the bus operator's claims, and a jury could disbelieve those claims even though they are uncontroverted (see Matter of Nowakowski, 2 NY2d 618, 622 [1957]; Perez v Andrews Plaza Hous. Assoc., L.P., 68 AD3d 512, 512 [1st Dept 2009]; Strader v Ashley, 61 AD3d 1244, 1246 [3d Dept 2009], lv dismissed 13 NY3d 756 [2009]).
" [V]iew[ing] the evidence in the light most favorable to the party opposing the motion, [and] giving that party the benefit of every reasonable inference' " (Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006] [emphasis added]; see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957], rearg denied 3 NY2d 941 [1957]), we conclude that there is a triable [*3]issue of fact because the evidence of the size of the puddle and that the puddle had been "tracked through" before any passengers boarded the bus following the layover constitutes circumstantial evidence that would permit a jury to infer that the puddle had existed for a sufficient length of time for defendants to have discovered and remedied it (Davis v Supermarkets Gen. Corp., 205 AD2d 730, 731 [2d Dept 1994]; see Anderson v Central Tractor Farm & Family Ctr., 250 AD2d 1023, 1024 [3d Dept 1998]; cf. Mueller v Hannaford Bros. Co., 276 AD2d 819, 820 [3d Dept 2000]).
Inasmuch as defendants failed to meet their initial burden with respect to the theories of actual and constructive notice, the burden never shifted to plaintiff to raise a triable issue of fact with respect to those two theories of negligence (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court