■ CHARLES HUGGINS et al., Appellants, v JANE WHITNEY et al., Respondents. [657 NYS2d 50] —Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered August 23, 1995, dismissing the complaint, and bringing up for review an order of the same court and Justice, entered August 21, 1995, which converted defendants' motion to dismiss the complaint into a motion for summary judgment, and granted defendants summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for further proceedings.

The motion court erred in converting the motion to dismiss the amended complaint into a motion for summary judgment without providing CPLR 3211 (c) notice to the parties. None of the recognized exceptions to the notice requirement is applicable here: a specific request for summary judgment had not been made by any party; the parties could not be said to have revealed their proof and clearly charted a summary judgment course, given the sparsity of the record on the issues decided and the pre-answer, pre-discovery status of the case; nor did this action exclusively involve issues of law, which had been fully appreciated and argued by the parties (see, Mihlovan v Grozavu, 72 NY2d 506; Four Seasons Hotels v Vinnik, 127 AD2d 310; Shah v Shah, 215 AD2d 287). Plaintiffs were substantially prejudiced by the motion court's sua sponte grant of summary judgment on issues that they had not had an opportunity to address.

In light of the foregoing, we need not address the remaining issues raised on this appeal. Concur—Wallach, J. P., Nardelli, Williams and Tom, JJ.