■ CHERRILYN E. MARTIN, Appellant, v GRENADIER REALTY CORP. et al., Respondents. [688 NYS2d 558] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered February 26, 1998, dismissing plaintiff's complaint, unanimously reversed, on the law, without costs, and the complaint reinstated. Order, same court and Justice, entered February 6, 1998, to the extent that it granted defendants' motion for summary

judgment, unanimously reversed, on the law, without costs, and the motion denied without prejudice to renew.

Defendants' motion for summary judgment was based on plaintiff's failure to make a prima facie showing of defendants' proximate liability for the June 1984 attack on plaintiff's decedent by unidentified assailants. In support of the motion, defendants argued that even assuming an assault had actually occurred, plaintiff failed to show that it took place in a location where they owed any duty, or was perpetrated on defendants' property by intruders. Plaintiff argued that the location of the assault had indeed been fixed on property controlled by defendants, her decedent having testified that he was beaten in the parking lot by strangers who had followed him home from the train station. At least on these points, there appear to be triable issues of fact.

The motion was decided, however, on an entirely different ground. Plaintiff's assertion of "frequent[ ] complain[ts] about the lack of security and criminal activity in the area" was found to be "conclusory", with "no specific evidence about prior crimes" or any "mention of criminal conduct on the premises." The IAS Court's *sua sponte* determination of the summary judgment motion on this new issue (i.e., lack of notice of prior criminal activity) substantially prejudiced plaintiff, who had no opportunity to respond (*Huggins v Whitney*, 239 AD2d 174). Had she been given notice of the issue, there was pertinent evidence at hand that she could have submitted.

The security reports offered in plaintiff's motion before this Court refer to 59 separate incidents of criminal activity in and around the premises during the period June 1982 through December 1983. These reports initially came to light in 1990 as a result of plaintiff's discovery, after another Judge in this case had denied defendants a protective order. The IAS Court's analysis of these documents might give rise to a triable issue as to the foreseeability of criminal activity in the area (*Jacqueline S. v City of New York*, 81 NY2d 288). If so, defendants' alleged negligence in failing to provide adequate security, if proven, might further establish proximate cause for liability (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544). Concur—Nardelli, J. P., Wallach, Lerner and Andrias, JJ.