■ MIC PROPERTY AND CASUALTY INSURANCE CORPORATION, Plaintiff, v CUSTOM CRAFTSMAN OF BROOKLYN, INC., et al., Defendants. CUSTOM CRAFTSMAN OF BROOKLYN, INC., Second Third-Party Plaintiff-Appellant, v SENECA INSURANCE COMPANY, INC., Second Third-Party Defendant-Respondent, et al., Second Third-Party Defendants. [703 NYS2d 179] —Order, Supreme Court, New York County (Leland DeGrasse, J.),

entered November 19, 1998, which granted third-party defendant Seneca Insurance Company, Inc. summary judgment dismissing the third-party complaint of defendant Custom Craftsman of Brooklyn, Inc. as against Seneca, unanimously affirmed, without costs.

Plaintiff's subrogor in the main action sought damages for the partial collapse of its building due to alleged inadequate shoring of an adjacent lot under construction. Defendant Custom, the construction site manager, alleges in its third-party complaint, *inter alia,* that it is entitled to indemnification from third-party defendant Seneca because Custom was an additional named insured under a liability policy purportedly issued to JCI Ltd., a contractor at the subject construction site, by Seneca.

The trial court properly exercised its discretion in treating Seneca's motion, brought pursuant to CPLR 3211, as one for summary judgment, since the parties revealed their proof and, in so doing, clearly charted a summary judgment course (*cf.,* *Huggins v Whitney,* 239 AD2d 174). Seneca, in support of its motion, offered competent, unrebutted proof that Custom was not an additional named insured under the policy issued to JCI Ltd. in effect at the time of the accident (policy number SCC 200-51-62), and that that policy, in any event, was subsequently rescinded *ab initio* by reason of a material misrepresentation by JCI Ltd. Custom's opposition to the motion, which included a certificate of insurance naming it as an additional insured under a purported Seneca policy whose expiration date predated the accident, as well as an affidavit of its corporate officer that did not indicate personal knowledge of facts asserted, was insufficient to raise a triable issue of fact.

Custom's argument that the grant of summary judgment was premature is without merit since Custom offers no factual basis for its supposition that there remains undisclosed information probative of its claim within the exclusive possession of Seneca. Custom's further argument that Seneca's rescission *ab initio* of its SCC policy with JCI Ltd. was void, either by reason of collusion or as against public policy, and that such rescission interfered with its rights under said policy, is founded on a baseless assumption that Seneca had an obligation to Custom under said policy. As noted, there is no evidence of any Seneca policy insuring Custom during the relevant time period. Concur—Williams, J. P., Wallach, Saxe and Buckley, JJ.