■ CYNTHIA A. RICHTER, Respondent, v TIMOTHY M. COLLIER, Appellant. [773 NYS2d 645]—

Appeal from an order of the Supreme Court, Onondaga County (William R. Roy, J.), entered March 6, 2003. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the claims with respect to the permanent loss of use of a body organ, member, function or system and 90/180 categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle she was driving was struck by a vehicle owned and operated by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under any of the categories defined by Insurance Law § 5102 (d). We conclude that Supreme Court erred in denying defendant's motion in its entirety. Defendant established his entitlement to summary judgment with respect to the permanent loss of use of a body organ, member, function or system and 90/180 categories of serious injury. "The deposition testimony of plaintiff submitted by defendant in support of the

motion establishes both that she did not sustain a total loss of use of her cervical spine (see *Oberly v Bangs Ambulance*, 96 NY2d 295, 297) and that her usual and customary daily activities were not curtailed for the requisite period of time (see generally *Parkhill v Cleary*, 305 AD2d 1088, 1089-1090)" (*Elmer v Amankwaah*, 2 AD3d 1350, 1351). Plaintiff failed to raise a triable issue of fact. To the extent that plaintiff alleges in her affidavit that she did not return to work due to her injuries, those allegations are merely " 'an attempt to avoid the consequences of [her] prior deposition testimony by raising feigned issues of fact' " (*Martin v Savage*, 299 AD2d 903, 904 [2002], quoting *Shpizel v Reo Realty & Constr. Co.*, 288 AD2d 291, 291 [2001]). Plaintiff testified at her deposition that she did not return to work for personal reasons and is not seeking to recover lost wages in this action.

The court properly denied that part of defendant's motion seeking summary judgment with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury (see Insurance Law § 5012 [d]). The records submitted by defendant do not ascribe a specific percentage to the actual loss of range of motion of plaintiff's cervical spine. Rather, the percentages for the range of motion contained in those records are raw numbers, which are not quantified or qualified with respect to the normal function, purpose and use of the cervical spine. Thus, those records are insufficient to establish that plaintiff did not sustain a serious injury (see generally *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]). In any event, the medical records submitted by defendant establish that experts disagree with respect to the severity of plaintiff's injuries, and thus there are issues of fact whether those injuries are consequential and significant.

We therefore modify the order by granting defendant's motion in part and dismissing the claims with respect to the permanent loss of use and 90/180 categories of serious injury. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.