BARBARA SCHUSTER, Appellant, v JOHN R. DUKARM et al., Respondents. [831 NYS2d 619]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered January 4, 2006 in a personal injury action. The order and judgment granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on ice and snow that had accumulated on the front walk of the apart-

ment building owned by defendants. Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint on the ground that there was a storm in progress. Defendants did not submit the meteorological data upon which their expert meteorologist relied in support of his opinion that there was a storm in progress when plaintiff fell. "Where [an] expert's ultimate assertions are speculative or unsupported by any evidentiary foundation, . . . the [expert's] opinion should be given no probative force" (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]).

Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiff raised a triable issue of fact whether the storm had abated and whether defendants had a reasonable opportunity to clear accumulated snow from their parking lot before plaintiff fell (*see Grzankowski v Southgate Plaza*, 267 AD2d 1055 [1999]; *see also Williams v Scruggs Community Health Care Ctr.*, 255 AD2d 982 [1998]). In addition, plaintiff raised an issue of fact whether she slipped on ice that had accumulated prior to the storm and thus whether "the ice was a preexisting hazard and was not created by the storm in progress so as to defeat defendants' motion" (*Pacelli v Pinsley*, 267 AD2d 706, 707 [1999]).

All concur except Hurlbutt, J.P., and Smith, J., who dissent and vote to affirm in the following memorandum.

Hurlbutt, J.P., and Smith, J. (dissenting). We respectfully dissent because, in our view, Supreme Court properly granted the motion of defendants for summary judgment dismissing the complaint on the ground that there was a storm in progress. Defendants established that there was a storm in progress by submitting the deposition testimony of defendant Ellen Dukarm, in which she testified that six to eight inches of snow fell on the day of the accident, that she and her husband, defendant John R. Dukarm, shoveled the walkway from their front steps to the municipal sidewalk three times during the day, the last time being late in the afternoon, and that it continued to snow throughout the day (*see Coyne v Talleyrand Partners, L.P.*, 22 AD3d 627, 628-629 [2005], *lv denied* 6 NY3d 705 [2006]; *Mangieri v Prime Hospitality Corp.*, 251 AD2d 632, 633 [1998]). In addition, defendants submitted plaintiff's deposition testimony, in which plaintiff admitted that she had observed defendants shoveling the walk and that it "snowed on and off" throughout the day.

Contrary to the view of the majority, we conclude that the court properly relied upon the affidavit of the expert meteorologist, despite his failure to attach copies of the records upon

which he relied in stating that it snowed throughout the day, that there was "considerable blowing snow during the afternoon hours," continuing until the time of the accident, and that "the weather event [on the day in question] constitutes a storm in progress." The expert listed the specific records upon which he relied, which are National Weather Service records concerning weather conditions in the area in question. Contrary to the majority's conclusion, "an expert may rely on out-of-court material if 'it is of a kind accepted in the profession as reliable in forming a professional opinion' " (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 726 [1984]; *see Greene v Xerox Corp.*, 244 AD2d 877, 877-878 [1997], *lv denied* 91 NY2d 809 [1998]). "In order to qualify for the 'professional reliability' exception, there must be evidence establishing the reliability of the out-of-court material" (*Hambsch*, 63 NY2d at 726). The records at issue are public weather records, which are by statute deemed prima facie evidence of the facts stated therein (*see* CPLR 4528).

We also disagree with the majority that plaintiff raised a triable issue of fact whether the storm had abated at the time of her accident. The only indication in the record that snow had ceased falling for any appreciable period of time is the statement of plaintiff in her opposing affidavit, wherein she stated that, "upon information and belief, snow had stopped falling one or more hours before [her accident]." The court properly disregarded that statement. First, the statement was not made on personal knowledge and therefore is of no probative value (*see Bruce v Fashion Sq. Assoc.*, 8 AD3d 1053 [2004]; *Mic Prop. & Cas. Ins. Corp. v Custom Craftsman of Brooklyn*, 269 AD2d 333, 334 [2000]). Second, plaintiff previously had testified at her deposition that she did not notice when the snow stopped. Thus, the statement is merely an attempt to avoid the implications of her prior testimony by raising a feigned issue of fact (*see Richter v Collier*, 5 AD3d 1003, 1004 [2004]; *Martin v Savage*, 299 AD2d 903, 904 [2002]). In any event, "even if there was a lull or break in the storm around the time of plaintiff's accident, this does not establish that defendant[s] had a reasonable time after the cessation of the storm to correct hazardous snow or ice-related conditions" (*Krutz v Betz Funeral Home*, 236 AD2d 704, 705 [1997], *lv denied* 90 NY2d 803 [1997]; *see Baia v Allright Parking Buffalo, Inc.*, 27 AD3d 1153 [2006]; *Jensen v Roohan*, 233 AD2d 587, 588 [1996]).

The majority's conclusion that there is a triable issue of fact whether plaintiff slipped on ice that existed prior to the storm is also based solely upon a statement in plaintiff's affidavit, in which plaintiff stated that she slipped on ice and snow. That

statement contradicts her prior deposition testimony that she did not know what caused her to fall and that she did not see any ice, and thus must be regarded as another attempt to avoid the implications of her prior testimony (*see Richter*, 5 AD3d at 1004; *Martin*, 299 AD2d at 904). More importantly, plaintiff did not state that she slipped on preexisting ice, and thus the majority's conclusion that there is an issue of fact whether the ice that allegedly caused plaintiff's fall existed prior to the storm is mere conjecture (*see generally Jornov v Ace Suzuki Sales & Serv.*, 232 AD2d 855, 857 [1996]; *Croff v Grand Union Co.*, 205 AD2d 856 [1994]). Present—Hurlbutt, J.P., Gorski, Smith, Green and Pine, JJ.