JAMES CONKLIN, Appellant, v TED ULM, Doing Business as JOHN & MARY's, et al., Defendants, and BETH FLEISCHMAN, Respondent. [838 NYS2d 306]—

Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered October 4, 2006 in a personal injury action. The order, insofar as appealed from, granted that part of the motion of defendants Beth Fleischman, Eugene M. Gertis and Margaret C. Gertis for summary judgment dismissing the complaint against defendant Beth Fleischman.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendant Beth Fleischman insofar as the complaint alleges that she had constructive notice of the dangerous condition and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he tripped and fell in the parking lot of a restaurant owned by Beth Fleischman (defendant). Defendant, along with defendants Eugene M. Gertis

and Margaret C. Gertis, moved for summary judgment dismissing the complaint against them. Although Supreme Court granted the motion in its entirety, plaintiff, as limited by his brief on appeal, contends only that the court erred in granting that part of the motion with respect to defendant. We agree with plaintiff that the court erred in granting that part of the motion insofar as the complaint alleges that defendant had constructive notice of the dangerous condition, and we therefore modify the order accordingly. In support of the motion, the moving defendants submitted the deposition testimony of plaintiff in which he testified that, after he fell, he did not know whether the back of his clothing was wet. He further testified that, at the time of the accident, he did not know if he had seen anything in the area where he fell. The moving defendants also submitted the deposition testimony of defendant and other employees of the restaurant establishing that the area where plaintiff fell had been salted approximately three or four hours before the accident.

We conclude that defendants established as a matter of law that defendant neither created nor had actual notice of the allegedly dangerous condition, and we thus conclude that the court properly dismissed the complaint against defendant to that extent (see *Clifford v Woodlawn Volunteer Fire Co., Inc.*, 31 AD3d 1102 [2006]). With respect to constructive notice of the condition, however, defendants failed to meet their burden of establishing as a matter of law "that the ice formed so close in time to the accident that [defendant] could not reasonably have been expected to notice and remedy the condition" (*Jordan v Musinger*, 197 AD2d 889, 890 [1993]). Defendant testified at her deposition that the area where plaintiff fell had been salted between 4:00 and 5:00 P.M., and the record establishes that plaintiff fell at some time between 8:00 and 8:30 P.M. The salting of the area approximately three or four hours before plaintiff fell does not establish that the ice formed so close in time to the accident that defendant could not reasonably have been expected to notice and remedy the condition. Additionally, defendants' submission of evidence that defendant ordinarily inspected the parking lot every few hours is insufficient to establish defendant's entitlement to summary judgment with respect to constructive notice (see *Bailey v Curry*, 1 AD3d 1059, 1059-1060 [2003]).

We conclude in any event that plaintiff raised a triable issue of fact with respect to constructive notice. In opposition to defendants' motion, plaintiff submitted his own affidavit, sworn to after his deposition, in which he stated that, while he was on

the ground, he noticed that the surface of the area where he fell was icy. We conclude that plaintiff thereby raised an issue of fact whether the fall was caused by ice existing for a sufficiently long period of time to hold defendant liable for constructive notice of its presence (see Pugliese v Utica Natl. Ins. Group, 295 AD2d 992 [2002]). Present—Scudder, P.J., Martoche, Smith, Centra and Peradotto, JJ.