■ George Daniels, Appellant, v Laverne M. Meyers, Doing Business as McDonald's Tac Mac and as McDonald's, Respondent. [857 NYS2d 402]—

Appeal from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, J.), entered May 14, 2007 in a personal injury action. The order granted defendant's motion for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell in the parking lot of defendant's restaurant. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint on the ground that there was a storm in progress. Defendant failed to meet her burden on the motion of establish-

ing as a matter of law that "plaintiff's injuries [were] sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (*Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *cf. Baia v Allright Parking Buffalo, Inc.*, 27 AD3d 1153 [2006]). In support of her motion, defendant submitted the affidavit of a meteorologist, who stated that the temperature in the area of defendant's restaurant dropped over the course of the day of the accident and that the rain changed to snow, which continued to fall through the time of the accident. The expert failed, however, to attach to his affidavit copies of the records upon which he relied in forming his opinion, and thus his affidavit has no probative value (*see Schuster v Dukarm*, 38 AD3d 1358, 1359 [2007]). Defendant also submitted the deposition testimony of plaintiff, who testified that it was not snowing at the time of the accident. Thus, we conclude that plaintiff's deposition testimony raises "a triable issue of fact whether the [alleged] storm had abated and whether defendant[ ] had a reasonable opportunity to clear accumulated snow from [her] parking lot before plaintiff fell" (*id.*; *see Stalker v Crestview Cadillac Corp.*, 284 AD2d 977 [2001]; *see also Conklin v Ulm*, 41 AD3d 1290, 1291-1292 [2007]). Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.