Patricia Piersielak et al., Appellant, v Amyell Develop-
ment Corporation et al., Respondents. [870 NYS2d 202]—

Memorandum: Plaintiffs commenced this action to recover
damages for injuries sustained by Patricia Piersielak (plaintiff)
when she slipped and fell in a parking lot owned and operated
by defendants. Plaintiffs asserted in their bill of particulars that
defendants had constructive notice of the alleged dangerous
condition but that they were unaware "at this time" whether
defendants had actual notice thereof. Defendants thereafter
moved for summary judgment dismissing the amended
complaint, and Supreme Court granted the motion. We agree
with plaintiffs that the court erred in granting the motion
insofar as the amended complaint, as amplified by the bill of
particulars, alleges that defendants had constructive notice of
the alleged dangerous condition, and we therefore modify the
order accordingly. We note at the outset that plaintiffs did not

allege that defendants created a dangerous condition, nor did they attempt to refute the evidence submitted by defendants establishing that they did not have actual notice of the alleged dangerous condition. Thus, the sole issue before us is whether defendants established as a matter of law that they lacked constructive notice of the alleged dangerous condition, and we conclude that they failed to do so.

Here, defendants failed to establish " 'that the ice formed so close in time to the accident that [they] could not reasonably have been expected to notice and remedy the condition' " (*Conklin v Ulm*, 41 AD3d 1290, 1291 [2007]). Indeed, although defendants submitted evidence establishing that the area where plaintiff fell had been salted at approximately 6:30 A.M. and that plaintiff fell between 11:30 A.M. and 11:45 A.M., "[t]he salting of the area [in question] approximately [five] hours before plaintiff fell does not establish that the ice formed so close in time to the accident that defendant[s] could not reasonably have been expected to notice and remedy the condition" (*id.*). We conclude in any event that plaintiffs raised a triable issue of fact whether defendants had constructive notice of the alleged dangerous condition (*see generally Bullard v Pfohl's Tavern, Inc.*, 11 AD3d 1026 [2004]). Also contrary to the contention of defendants, they failed to establish that there was a storm in progress and thus that they are relieved of liability. The sole evidence submitted by defendants in support of that contention was the affidavit of a meteorologist who did not append thereto any of the weather records upon which he relied. Thus, the affidavit of the meteorologist "has no probative value" (*Daniels v Meyers*, 50 AD3d 1613, 1614 [2008]).

We have considered defendants' remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Smith, Green, Pine and Gorski, JJ.