RICHARD N. GROTH et al., Respondents, v BJ's WHOLESALE CLUB, INC., Appellant, and PAUL V. MASSEY, Individually and Doing Business as GRASSHOPPER LANDSCAPING, Respondent. [872 NYS2d 828]—

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered December 11, 2007 in a personal injury action. The order, among other things, denied that part of the motion of defendant BJ's Wholesale Club, Inc. for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Richard N. Groth (plaintiff) when he slipped and fell in a parking lot owned by defendant BJ's Wholesale Club, Inc. (BJ's). Supreme Court properly denied that part of the motion of BJ's for summary judgment dismissing the complaint against it. BJ's failed to meet its "initial burden of establishing that it did not create the dangerous condition that caused plaintiff to fall and did not have actual or constructive notice thereof" (*Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857, 857 [2005]; *see Kimpland v Camillus Mall Assoc., L.P.*, 37 AD3d 1128 [2007]). In any event, even assuming, arguendo, that BJ's met its initial burden, we conclude that plaintiffs raised a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We reject the contention of BJ's that the court erred in granting that part of the cross motion of defendant Paul V. Massey, individually and doing business as Grasshopper Landscaping, for summary judgment dismissing the complaint against him.

Pursuant to his snow removal contract with BJ's, Massey was obligated to plow after at least two inches of snow had accumulated. He established in support of the cross motion that he plowed snow in the parking lot two days before the accident and salted one day before the accident. He further established that, on the day of the accident, the snow accumulation was less than two inches and that BJ's did not request that he apply salt or plow that day. "[B]y merely plowing the snow, as required by the contract, [the] actions [of Massey] could not be said 'to have created or exacerbated a dangerous condition' " (*Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 361 [2007], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142 [2002]). We have considered BJ's remaining contentions and conclude that they are lacking in merit. Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.