GORDON LILLIE et al., Respondents-Appellants, v WIL-MORITE, INC., Doing Business as GREECE RIDGE CENTER, Appellant-Respondent. [938 NYS2d 396]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Gordon Lillie when he slipped and fell on a patch of black ice in the parking lot of the Mall at Greece Ridge Center (mall). Defendant, the mall's property management company, moved for summary judgment dismissing the complaint on the ground that it did not have actual or constructive notice of the ice upon which plaintiff slipped and fell. We agree with defendant on its appeal that Supreme Court erred in denying the motion. Defendant met its initial burden of demonstrating that it had neither actual notice of the icy condition in question nor constructive notice thereof, inasmuch as the patch of black ice was not "visible and apparent," and plaintiffs failed to raise a triable issue of fact in opposition (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Phillips v Henry B'S, Inc.*, 85 AD3d 1665, 1666 [2011]; *Mullaney v Royalty Props., LLC*, 81 AD3d 1312 [2011]).

In addition, plaintiffs' cross appeal must be dismissed because they are not aggrieved by the judgment and order denying defendant's motion (*see generally Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488 [1978]). To the extent that plaintiffs contend as an alternative ground for affirmance that their meteorologist's expert affidavit was sufficient to raise a triable issue of fact and that the court erred in disregarding it (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]), we reject that contention. The climatological data upon which the meteorologist based his opinions was not submitted therewith, and thus the affidavit lacked an adequate factual foundation and was of no probative value (*see Walter v United Parcel Serv., Inc.*, 56 AD3d 1187 [2008]; *Schuster v Dukarm*, 38 AD3d 1358, 1359 [2007]; *see generally Romano v Stanley*, 90 NY2d 444, 452 [1997]). In any event, the expert's opinion would not change our determination herein (*cf. Zemotel v Jeld-Wen, Inc.*, 50 AD3d 1586 [2008]). Present—Centra, J.P., Fahey, Peradotto, Carni and Martoche, JJ.