# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

110
CA 11-01559
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

THOMAS GWITT, PLAINTIFF-RESPONDENT,

V                                               MEMORANDUM AND ORDER

DENNY'S, INC., DENNY'S RESTAURANT,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

DAMON MOREY LLP, BUFFALO (JENNIFER L. LEONARDI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

BROWN CHIARI LLP, LANCASTER (DAVID W. OLSON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 12, 2011 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that he slipped and fell on snow and ice in the parking lot of defendant Denny's, Inc., also, as noted by Supreme Court, improperly sued as Denny's Restaurant (Denny's). Defendants thereafter moved for summary judgment dismissing the second amended complaint. As relevant to this appeal, the court granted the motion in part with respect to Denny's, determining that Denny's was entitled to summary judgment insofar as the second amended complaint, as amplified by the bill of particulars, alleged that Denny's was negligent in creating the icy condition and in having actual notice of it, but that Denny's failed to meet its initial burden on the motion of establishing as a matter of law that it lacked constructive notice of the icy condition. Denny's appeals, contending that the court should have granted the motion in its entirety with respect to it. We affirm.

With respect to constructive notice, Denny's had the initial burden of establishing that the ice was not visible and apparent (*see Phillips v Henry B'S, Inc.*, 85 AD3d 1665, 1666; *Mullaney v Royalty Props., LLC*, 81 AD3d 1312), or "that the ice formed so close in time to the accident that [Denny's] could not reasonably have been expected to notice and remedy the condition" (*Jordan v Musinger*, 197 AD2d 889, 890). Contrary to Denny's contention, the fact that plaintiff did not

notice the ice before he slipped on it does not establish Denny's entitlement to judgment as a matter of law on the issue whether the ice was visible and apparent. Indeed, plaintiff testified without contradiction at his deposition that he observed the ice after he fell, immediately after he exited his car (*see King v Sam's E., Inc.*, 81 AD3d 1414, 1415; *Russo v YMCA of Greater Buffalo*, 12 AD3d 1089, *lv dismissed* 5 NY3d 746).

Contrary to Denny's further contention, the deposition testimony of Denny's manager that she routinely inspected the parking lot did not establish as a matter of law that the ice formed so close in time to the accident that Denny's may not be charged with constructive notice of it (*see Conklin v Ulm*, 41 AD3d 1290). The manager acknowledged at her deposition that she did not inspect the entire parking lot on the morning in question, and that she was primarily looking for garbage, not icy conditions. Although the manager later set forth in an affidavit that she specifically inspected the parking lot for icy conditions when she left the restaurant for the bank at 9:00 A.M., that assertion is at odds with her deposition testimony. We thus conclude that the affidavit was " 'tailored to avoid the consequences of' " that deposition testimony (*Tronolone v Jankowski*, 74 AD3d 1721, 1722), and that the conflict between her deposition testimony and her affidavit raises a question of credibility to be resolved at trial (*see Palmer v Horton*, 66 AD3d 1433, 1434).

Entered:  February 10, 2012                Frances E. Cafarell
                                           Clerk of the Court