SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**775**
**CA 12-01726**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

ELIZABETH COSTANZO, PLAINTIFF-RESPONDENT,

V                                         MEMORANDUM AND ORDER

COUNTY OF CHAUTAUQUA, DEFENDANT,
AND JILL T. ROSAGE, AS ADMINISTRATRIX OF
THE ESTATE OF PAUL L. ROSAGE, DECEASED,
DEFENDANT-APPELLANT.

---

MURA & STORM, PLLC, BUFFALO (KRIS E. LAWRENCE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

GRECO TRAPP, PLLC, BUFFALO (DUANE D. SCHOONMAKER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered May 21, 2012. The order denied the
motion of defendant Jill T. Rosage, as Administratrix of the Estate of
Paul L. Rosage, deceased, for summary judgment dismissing the
complaint against her.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she sustained when her vehicle was struck by a vehicle
operated by Paul L. Rosage (decedent). Decedent's vehicle hit the
driver's side of plaintiff's vehicle when plaintiff, after stopping at
a stop sign, drove the vehicle through the intersection and into the
path of decedent's vehicle. Decedent had the right-of-way at the
intersection inasmuch as he was not subject to any traffic control
devices.

Jill T. Rosage (defendant), as administratrix of decedent's
estate, moved for summary judgment dismissing the complaint against
her. We conclude that Supreme Court properly denied defendant's
motion inasmuch as she failed to meet her initial burden of
establishing her entitlement to judgment as a matter of law (*see
generally Winegrad v N.Y. Univ. Med. Ctr.*, 64 NY2d 851, 853).
Defendant's motion was largely based on the affidavit of an expert
reconstructionist. We conclude, however, that the affidavit is
speculative and conclusory inasmuch as the expert failed to submit the
data upon which he based his opinions. The affidavit thus lacks an
adequate factual foundation and is of no probative value (*see Lillie v*

*Wilmorite, Inc.*, 92 AD3d 1221, 1222; *see also Schuster v Dukarm*, 38 AD3d 1358, 1359). Because defendant otherwise failed to meet her initial burden on the motion, there is no need to consider the sufficiency of plaintiff's submissions in opposition to the motion (*see Winegrad*, 64 NY2d at 853).

Entered: July 5, 2013                    Frances E. Cafarell
                                          Clerk of the Court