Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered May 21, 2012. The order denied the motion of defendant Jill T. Rosage, as Administratrix of the Estate of Paul L. Rosage, deceased, for summary judgment dismissing the complaint against her.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her vehicle was struck by a vehicle operated by Paul L. Rosage (decedent). Decedent’s vehicle hit the driver’s side of plaintiffs vehicle when plaintiff, after stopping at a stop sign, drove the vehicle through the intersection and into the path of decedent’s vehicle. Decedent had the right-of-way at the intersection inasmuch as he was not subject to any traffic control devices.
Jill T. Rosage (defendant), as administratrix of decedent’s estate, moved for summary judgment dismissing the complaint against her. We conclude that Supreme Court properly denied defendant’s motion inasmuch as she failed to meet her initial burden of establishing her entitlement to judgment as a matter of law (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Defendant’s motion was largely based on the affidavit of an expert reconstructionist. We conclude, *1134 however, that the affidavit is speculative and conclusory inasmuch as the expert failed to submit the data upon which he based his opinions. The affidavit thus lacks an adequate factual foundation and is of no probative value (see Lillie v Wilmorite, Inc., 92 AD3d 1221, 1222 [2012]; see also Schuster v Dukarm, 38 AD3d 1358, 1359 [2007]). Because defendant otherwise failed to meet her initial burden on the motion, there is no need to consider the sufficiency of plaintiffs submissions in opposition to the motion (see Winegrad, 64 NY2d at 853). Present — Centra, J.P, Peradotto, Sconiers, Valentino and Whalen, JJ.