# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

127

CA 14-00358

PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

LAURA SHELTERS, PLAINTIFF-RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

CITY OF DUNKIRK HOUSING AUTHORITY,
DEFENDANT-APPELLANT.

---

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

CAMPBELL & SHELTON, LLP, EDEN (ERIC M. SHELTON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Chautauqua County
(Deborah A. Chimes, J.), entered October 23, 2013 in a personal injury
action.  The interlocutory judgment, among other things, adjudged that
defendant was negligent.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she allegedly sustained when she slipped and fell on ice on a
sidewalk on defendant's premises.  The matter proceeded to trial and,
at the close of proof, defendant moved for a directed verdict pursuant
to CPLR 4401 on the issue of notice, i.e., whether it had an
opportunity to remedy the alleged dangerous ice condition.  Supreme
Court denied the motion, and the jury returned a verdict finding that
defendant was negligent.  We affirm.

A directed verdict pursuant to CPLR 4401 is "appropriate where
the trial court finds that, upon the evidence presented, there is no
rational process by which the fact trier could base a finding in favor
of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556).  In
considering such a motion, "the trial court must afford the party
opposing the motion every inference which may properly be drawn from
the facts presented, and the facts must be considered in a light most
favorable to the nonmovant" (*id.*).

Here, the court properly denied defendant's motion for a directed
verdict.  On defendant's premises is a residential facility that is
open 24 hours per day.  Defendant's witnesses testified that residents
entered and exited the premises at all hours of the day, and that
residents could have visitors, including medical personnel, prior to

8:00 a.m. and after 4:30 p.m.  Defendant's maintenance staff, however, did not provide any routine snow or ice removal after 4:30 p.m. or before 8:00 a.m.  Plaintiff fell at approximately 8:00 a.m., and the record supported an 8-to-12-hour time period between the time of ice formation and plaintiff's fall.  Thus, defendant failed to establish "that the ice formed so close in time to the accident that [it] could not reasonably have been expected to notice and remedy the condition" (*Piersielak v Amyell Dev. Corp.*, 57 AD3d 1422, 1423 [internal quotation marks omitted]).

Defendant failed to preserve for our review its remaining contentions inasmuch as it "did not move for a directed verdict on the [additional] ground[s] now raised on appeal" (*Tomaszewski v Seewaldt*, 11 AD3d 995, 995; *see Givens v Rochester City Sch. Dist.*, 294 AD2d 898, 899).

Entered:  March 20, 2015                           Frances E. Cafarell
                                                   Clerk of the Court