# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**926**
**CA 15-01939**
PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF THE ESTATE OF MANSFIELD B.
JORDAN, DECEASED.
------------------------------------------------          MEMORANDUM AND ORDER
NORMA J. MOBLEY AND MANSFIELD B. JORDAN, JR.,
CO-EXECUTORS OF THE ESTATE OF MANSFIELD B.
JORDAN, DECEASED, PETITIONERS-RESPONDENTS;

VERONICA T. REYES, RESPONDENT-APPELLANT.

---

MCMAHON, KUBLICK & SMITH, P.C., SYRACUSE (RALPH S. ALEXANDER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

THE MARRONE LAW FIRM, P.C., EAST SYRACUSE (ANTHONY A. MARRONE, II, OF
COUNSEL), FOR PETITIONERS-RESPONDENTS.

---

Appeal from an order of the Surrogate's Court, Jefferson County
(Peter A. Schwerzmann, S.), entered June 8, 2015.  The order denied
the motion of respondent for summary judgment dismissing the petition.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, and judgment is granted
in favor of respondent as follows:

It is ORDERED, ADJUDGED and DECREED that respondent is
entitled to the proceeds of the Fidelity investment account
at issue.

Memorandum:  As relevant on appeal, petitioners commenced this
proceeding in Surrogate's Court seeking a declaration that the
proceeds of a Fidelity investment account must be issued to
petitioners.  Decedent's will was admitted to probate on April 23,
2013 and letters testamentary were issued to petitioners.  Petitioner
Norma J. Mobley was the sole beneficiary on the Fidelity investment
account until December 17, 2012, when decedent designated respondent,
a woman he had been dating prior to his death, as the sole
beneficiary.  Respondent moved for summary judgment dismissing the
petition and requested that the proceeds of the Fidelity investment
account be distributed to her.  The Surrogate denied the motion, and
we reverse.  We note at the outset that the proper remedy is to grant
a declaration in favor of respondent, and not to dismiss the petition
(*see generally Boyd v Allstate Life Ins. Co. of N.Y.*, 267 AD2d 1038,
1039).

It is well established that "[t]he essential elements of a gift

are (1) donative intent, (2) delivery, and (3) acceptance" (*Spallina v Giannoccaro*, 98 AD2d 103, 106, *appeal dismissed* 62 NY2d 646). "The element of donative intent presupposes that the donor possesses the mental capacity to make a gift" (*id.*). In support of her motion, respondent submitted the sworn statements of two disinterested witnesses who indicated that they were decedent's close friends, had spent time with him during December 2012, including Christmas of that year, were aware of respondent's criminal history, and ultimately concluded that decedent was of sound mind and was fully cognizant of his intent to transfer the subject Fidelity investment account to respondent. In addition, respondent provided a sworn statement in which she attached a Fidelity envelope, dated December 19, 2012, addressed to decedent with "Happy Birthday Veronica" handwritten in the area above decedent's printed address. In view of the foregoing, we conclude that respondent established her entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

In opposition, petitioners submitted the affidavit of counsel and the affidavit of a medical expert with his attached expert report. Counsel contended that, because respondent has a criminal history and decedent left financial related passwords out in the open, there is a question of fact whether respondent changed the designation on the subject Fidelity account herself. That contention, however, is based on "mere conclusions, expressions of hope or unsubstantiated allegations," which are insufficient to defeat a motion for summary judgment (*id.*). In addition, although we agree with petitioners that "an expert may rely on out-of-court material if 'it is of a kind accepted in the profession as reliable in forming a professional opinion,' " it is well established that "there must be evidence establishing the reliability of the out-of-court material" (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 726). Here, petitioners' expert concluded that decedent did not have the capacity to change the beneficiary designation on the Fidelity investment account, and would not have done so but for his dementia. The expert then listed the "sources of information" upon which he relied in forming his opinion, but the expert failed to attach any of those "sources," and thus his affidavit and report have no probative value (*see Costanzo v County of Chautauqua*, 108 AD3d 1133, 1133-1134; *Daniels v Meyers*, 50 AD3d 1613, 1614). Inasmuch as petitioners' expert did not examine decedent prior to his death, the expert did not reference any medical records that established decedent's incapacity during the relevant time period, and the expert relied to "a great extent on hearsay statements from unspecified witnesses," we conclude that the expert's affidavit and report are insufficient to raise an issue of fact (*Gardner v Ethier*, 173 AD2d 1002, 1003; *see San Andres v 1254 Sherman Ave. Corp.*, 94 AD3d 590, 592). We therefore reverse the order and grant judgment in favor of respondent, declaring that respondent is entitled to the proceeds of the Fidelity investment account.

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court