# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1170

CA 16-00554

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

JACKUELINE WATERS AND JAMES WATERS,
PLAINTIFFS-RESPONDENTS,

V                                                MEMORANDUM AND ORDER

CIMINELLI DEVELOPMENT COMPANY, INC., 205
PARK CLUB LANE, LLC AND JB LANDSCAPING &
SNOWPLOWING, LLC, DEFENDANTS-APPELLANTS.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KEVIN E. LOFTUS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

-------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered December 8, 2015. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking dismissal of the complaint against defendant JB Landscaping & Snowplowing, LLC, and granting that part of the motion seeking dismissal of the complaint against defendants Ciminelli Development Company, Inc., and 205 Park Club Lane, LLC, to the extent that the complaint, as amplified by the bill of particulars, alleges that they created or had actual notice of the allegedly dangerous condition, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced the instant action seeking damages for injuries allegedly sustained by Jackueline Waters (plaintiff) when she slipped and fell on ice in a parking lot owned by defendant 205 Park Club Lane, LLC (205 Park), and managed by defendant Ciminelli Development Company, Inc. (Ciminelli). Defendant JB Landscaping & Snowplowing, LLC (JB Landscaping) was the snowplowing contractor for the property. Defendants collectively moved for summary judgment dismissing the complaint, and Supreme Court denied the motion.

With respect to JB Landcaping, the only issue before us, as limited by the parties' briefs on appeal, is whether the court erred in finding that there are triable issues of fact under the third exception set forth in *Espinal v Melville Snow Contrs.* (98 NY2d 136), i.e., "where the contracting party has entirely displaced the other

party's duty to maintain the premises safely" (*id*. at 140).  We agree with JB Landscaping that the court erred in determining that there are triable issues of fact precluding summary judgment dismissing the complaint against it, and we therefore modify the order accordingly. We conclude that the contract between JB Landscaping and Ciminelli was not so comprehensive and exclusive that it entirely displaced Ciminelli's and 205 Park's duty to maintain the premises safely, such that JB Landscaping assumed a duty to plaintiff.  Although the contract in the case at bar delegated all of the snow and ice removal to JB Landscaping, along with responsibility for monitoring the property 24 hours per day, seven days per week, the contract also provided that 205 Park and the tenant of the property could request additional services from JB Landscaping, including snow and ice removal.  In addition, the contract reserved Ciminelli's rights "to determine the depth of snow at locations where JB Landscaping performs snowplowing" and to direct JB Landscaping to reposition or remove accumulated snow piles.  The contract also required weekly submission of maintenance logs to Ciminelli and preapproval from Ciminelli to engage a subcontractor to assist with snow and ice removal.  In view of the foregoing, we conclude that Ciminelli continued to "monitor[] the performance of the snow plowing contract" (*Torella v Benderson Dev. Co.*, 307 AD2d 727, 728; *see Eisleben v Dean*, 136 AD3d 1306, 1307; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214-215), and therefore JB Landscaping did not assume a duty of care to plaintiff (*see Espinal*, 98 NY2d at 140).

With respect to the remaining defendants, we note that plaintiffs, by briefing the issue of constructive notice only, have abandoned any claims that defendants had actual notice of or created the dangerous condition (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984), and we therefore further modify the order accordingly.  With respect to constructive notice, we conclude that the court properly denied the motion.  To receive summary judgment with respect to plaintiffs' claim of constructive notice, defendants had the initial burden of establishing as a matter of law that the alleged icy condition was not visible and apparent or " 'that the ice formed so close in time to the accident that [defendants] could not reasonably have been expected to notice and remedy the condition' " (*Gwitt v Denny's, Inc.*, 92 AD3d 1231, 1231-1232).  In support of their motion, defendants submitted, inter alia, the deposition testimony of plaintiff, who testified that when she pulled into the subject parking lot she observed a "sheen" or a "shine" on the lot and that, when she exited her car and started walking through the lot, the condition of the parking lot was "icy" and "slippery."  She further described where she fell as a "large ice condition" and testified that she did not encounter any dry pavement or pavement that was not covered by ice. Thus, we conclude that defendants failed to satisfy their initial burden of establishing that the alleged icy condition was not visible and apparent (*see Hagenbuch v Victoria Woods HOA, Inc.*, 125 AD3d 1520, 1521; *Gwitt*, 92 AD3d at 1232; *Kimpland v Camillus Mall Assoc., L.P.*, 37 AD3d 1128, 1128-1129).

Contrary to defendants' further contention, they failed to meet their initial burden of establishing as a matter of law " 'that the

ice formed so close in time to the accident that [they] could not reasonably have been expected to notice and remedy the condition' " (*Gwitt*, 92 AD3d at 1231-1232; *see Conklin v Ulm*, 41 AD3d 1290, 1291). In support of their motion, defendants submitted the deposition testimony of a JB Landscaping employee, who testified that he conducted his inspection of the subject parking lot between 4:30 a.m. and 5:00 a.m. on the morning plaintiff was injured and did not observe any ice. After he left the parking lot and went home, he continued to monitor the weather; specifically, he recalled a weather newscast that the temperature was currently 33 or 34 degrees and would be rising to 37 degrees. Defendants also submitted the affidavit of an expert meteorologist, who opined that temperatures dropped to near freezing between 4:30 a.m. and 7:45 a.m. on the day in question and therefore, in his view, the formation of ice occurred between 4:30 a.m. and 7:45 a.m. The weather records attached to his affidavit recited, however, that from 3:01 a.m. until 6:24 a.m. the short term forecasts called for falling temperatures, and that any wet or untreated pavement could result in patchy black ice. Plaintiff testified that she fell at 7:45 a.m. In our view, the inspection of the area approximately three hours before the plaintiff fell does not establish " 'that the ice formed so close in time to the accident that [defendant(s)] could not reasonably have been expected to notice and remedy the condition' " (*Conklin*, 41 AD3d at 1291; *see Piersielak v Amyell Dev. Corp.*, 57 AD3d 1422, 1423; *Bullard v Pfohl's Tavern, Inc.*, 11 AD3d 1026, 1027).

Entered: February 3, 2017                          Frances E. Cafarell
                                                   Clerk of the Court