Sodhi v Dollar Tree Stores, Inc. (2019 NY Slip Op 06255)





Sodhi v Dollar Tree Stores, Inc.


2019 NY Slip Op 06255


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


448 CA 17-00413

[*1]HARPAL SODHI AND GUNWANT SODHI, PLAINTIFFS-RESPONDENTS,
v
DOLLAR TREE STORES, INC., ET AL., DEFENDANTS, PORTAGE CENTER, LLC, BALDWIN REAL ESTATE CORPORATION, DEFENDANTS-APPELLANTS, AND TOPS MARKETS, LLC, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






THE TARANTINO LAW FIRM, LLP, BUFFALO (ANN M. CAMPBELL OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.
NASH CONNORS, BUFFALO (MICHAEL B. DIXON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered November 14, 2016. The order denied the motion of defendants Portage Center, LLC, and Baldwin Real Estate Corporation for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Harpal Sodhi (plaintiff) when she slipped and fell on ice in the parking lot of a shopping center. Defendant Portage Center, LLC (Portage) is a real estate holding company and the owner of the premises, and defendant Baldwin Real Estate Corporation (Baldwin) is the property manager of the premises. Defendant Dollar Tree Stores, Inc. (Dollar Tree) and defendant Tops Markets, LLC (Tops) were tenants in the shopping center where the incident occurred, and they shared the parking lot in which plaintiff fell. In appeal No. 1, Portage and Baldwin appeal from an order denying their motion seeking summary judgment dismissing the amended complaint against them and seeking summary judgment on their cross claims against Tops for common-law indemnification and contractual indemnification. In appeal No. 2, Tops appeals from an order denying its motion for summary judgment dismissing the amended complaint against it. We affirm in both appeals.
It is well settled that "[a] property owner is not liable for an alleged hazard on [its] property involving snow or ice unless [it] created the defect, or had actual or constructive notice of its existence" (Sweeney v Lopez, 16 AD3d 1174, 1175 [4th Dept 2005] [internal quotation marks omitted]; see Groth v BJ's Wholesale Club, Inc., 59 AD3d 1086, 1086 [4th Dept 2009]). We note at the outset that plaintiffs did not allege that Portage, Baldwin and Tops (collectively, defendants) created the icy condition or had actual notice of its existence. Therefore, in their respective motions, defendants had the "initial burden of establishing that the ice was not visible and apparent . . . or that the ice formed so close in time to the accident that [they] could not reasonably have been expected to notice and remedy the condition" (Gwitt v Denny's Inc., 92 AD3d 1231, 1231-1232 [4th Dept 2012] [internal quotation marks omitted]). Contrary to defendants' contentions, we conclude in both appeals that they failed to meet that burden.
In support of their motions, defendants submitted plaintiff's deposition testimony that she observed "ice all around [her]" after she fell, which presented a question of fact whether the icy condition was visible and apparent (see Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469-1470 [4th Dept 2013]; Gwitt, 92 AD3d at 1232; King v Sam's E., Inc., 81 AD3d 1414, 1415 [4th Dept 2011]).
Defendants also failed to establish " that the ice formed so close in time to [plaintiff's fall] that [they] could not reasonably have been expected to notice and remedy the condition' " (Conklin v Ulm, 41 AD3d 1290, 1291 [4th Dept 2007]; see Piersielak v Amyell Dev. Corp., 57 AD3d 1422, 1423 [4th Dept 2008]). Here, defendants' submissions raised a triable issue of fact regarding whether the icy condition existed for a sufficient length of time for the defendants to discover and remedy it (see Roy v City of New York, 65 AD3d 1030, 1031 [2d Dept 2009]).
We reject the further contention of Portage and Baldwin in appeal No. 1 that they were not responsible for the removal of snow and ice from the area where the incident occurred. Although an out-of-possession landlord is generally not responsible for injuries that occur on its premises unless it has retained control over the premises or is contractually obligated to maintain or repair the alleged hazard (see Ferro v Burton, 45 AD3d 1454, 1454 [4th Dept 2007]), the evidence submitted by Portage and Baldwin, which included testimony of Baldwin's commercial administration manager, failed to establish that Baldwin and Portage had not retained control of the premises (see Gronski v County of Monroe, 18 NY3d 374, 380-381 [2011], rearg denied 19 NY3d 856 [2012]).
Furthermore, even assuming, arguendo, that Portage and Baldwin established that they did not retain control of the premises, plaintiffs raised a triable issue of fact in opposition by submitting a lease agreement between Portage's predecessor and Dollar Tree, which provided that the "Landlord" was required to maintain "Common Areas" of the premises, including "parking areas."
We reject the contention of Portage and Baldwin that they are entitled to summary judgment on their cross claim for common-law indemnification inasmuch as they failed to establish that Portage complied with its duty to maintain the parking lot in a reasonably safe condition or that it relinquished that duty to Tops (see generally Robinson v Brooks Shopping Ctrs., LLC, 148 AD3d 522, 523 [1st Dept 2017]; Mathis v Central Park Conservancy, 251 AD2d 171, 172 [1st Dept 1998]). Portage and Baldwin also failed to establish as a matter of law that they were entitled to contractual indemnification (see generally Jardin v A Very Special Place, Inc., 138 AD3d 927, 931 [2d Dept 2016]). Furthermore, the alternative contention of Portage and Baldwin that the court should have granted judgment on their cross claims "on a conditional basis" was raised for the first time in a reply brief and is therefore not properly before us on appeal (see Cleere v Frost Ridge Campground, LLC, 155 AD3d 1645, 1649 [4th Dept 2017]).
Finally, Tops' contention in appeal No. 2 that there was a storm in progress was raised for the first time in its reply papers and thus was not properly before Supreme Court (see generally Jacobson v Leemilts Petroleum, Inc., 101 AD3d 1599, 1600 [4th Dept 2012]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court