Ritts v Gowanda Rehabilitation & Nursing Ctr. (2022 NY Slip Op 00578)





Ritts v Gowanda Rehabilitation & Nursing Ctr.


2022 NY Slip Op 00578


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


1026 CA 20-01556

[*1]TED W. RITTS, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID L. COLLEY, DECEASED, PLAINTIFF-APPELLANT,
v
GOWANDA REHABILITATION AND NURSING CENTER, ALSO KNOWN AS GNH LLC, DEFENDANT-RESPONDENT. 






HOGANWILLIG, PLLC, AMHERST (RYAN C. JOHNSEN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
FELDMAN KIEFFER, LLP, BUFFALO (JONATHAN J. SCHUTRUM OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered August 27, 2020. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.
Memorandum: Plaintiff commenced this action to recover damages arising from injuries sustained by plaintiff's decedent while he was a patient at a nursing home facility owned and operated by defendant. The complaint asserted causes of action for medical malpractice and violations of Public Health Law § 2801-d. Plaintiff appeals from an order granting defendant's motion for summary judgment dismissing the complaint.
We agree with plaintiff that Supreme Court erred in granting the motion because defendant did not meet its initial burden thereon. It is well settled that "a defendant's burden is not met if the defendant's expert renders an opinion that is . . . unsupported by competent evidence" (Tirado v Koritz, 156 AD3d 1342, 1344 [4th Dept 2017] [internal quotation marks omitted]). "[I]t is equally well settled that 'opinion evidence must be based on facts in the record or personally known to the witness' " (id., quoting Hambsch v New York City Tr. Auth., 63 NY2d 723, 725 [1984]). Inasmuch as "summary judgment is the procedural equivalent of a trial . . . [, t]he moving party must sufficiently demonstrate entitlement to judgment, as a matter of law, by tender of evidentiary proof in admissible form" (Christopher P. v Kathleen M.B., 174 AD3d 1460, 1461 [4th Dept 2019] [internal quotation marks omitted]).
Here, defendant's experts proffered opinions about decedent's care at the nursing home facility that were not based on facts in the record because defendant failed to submit any of decedent's medical records, certified or otherwise, to support those opinions. Additionally, those opinions were not based on facts personally known to the experts. Thus, the experts' affidavits are " 'speculative or unsupported by any evidentiary foundation' " (Schuster v Dukarm, 38 AD3d 1358, 1359 [4th Dept 2007], quoting Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]), and have "no probative value" (Daniels v Meyers, 50 AD3d 1613, 1614 [4th Dept 2008]; see Lillie v Wilmorite, Inc., 92 AD3d 1221, 1222 [4th Dept 2012]; Piersielak v Amyell Dev. Corp., 57 AD3d 1422, 1423 [4th Dept 2008]). Because defendant failed to meet its initial burden on the motion, the burden never shifted to plaintiff, and denial of the motion "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court