Utica Mut. Ins. Co. v Abeille Gen. Ins. Co. (2022 NY Slip Op 03815)

Utica Mut. Ins. Co. v Abeille Gen. Ins. Co.

2022 NY Slip Op 03815

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.

189 CA 21-00536

[*1]UTICA MUTUAL INSURANCE COMPANY, PLAINTIFF-RESPONDENT-APPELLANT,
v
ABEILLE GENERAL INSURANCE CO., NOW KNOWN AS 21ST CENTURY NATIONAL INSURANCE CO., ET AL., DEFENDANTS-APPELLANTS-RESPONDENTS, ET AL., DEFENDANTS-RESPONDENTS. 

NORTON ROSE FULBRIGHT US LLP, NEW YORK CITY (JOHN F. FINNEGAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
HUNTON ANDREWS KURTH LLP, WASHINGTON, D.C. (SYED S. AHMAD, OF THE WASHINGTON, D.C. BAR, ADMITTED PRO HAC VICE, OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

 Appeal and cross appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered January 22, 2021. The order, among other things, denied the motion of defendants-appellants and the cross motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion and granting judgment in favor of defendants-appellants as follows:
It is ADJUDGED AND DECLARED that plaintiff is not entitled to recover from defendants-appellants reimbursement under the reinsurance contracts for defense costs paid by plaintiff to Burnham Corporation in the underlying actions under the umbrella policies of insurance,
and as modified the order is affirmed without costs.
Memorandum: Plaintiff, Utica Mutual Insurance Company, issued primary policies and umbrella policies of insurance to nonparty Burnham Corporation (Burnham) covering, as relevant to this appeal, a period from 1977 to 1983. Plaintiff obtained from defendants reinsurance coverage for the same period related to the umbrella policies. Burnham was sued by individuals who were allegedly injured by exposure to a boiler that was manufactured by Burnham and that contained asbestos (underlying actions). There is no dispute that, with respect to the underlying actions, plaintiff paid defense costs and losses to Burnham under the primary insurance policies. A dispute arose between plaintiff and Burnham regarding plaintiff's obligation to pay defense costs and losses under the umbrella policies once the coverage under the primary insurance policies was exhausted. Plaintiff and Burnham entered into a settlement whereby plaintiff agreed to pay defense costs and losses under the umbrella policies for those occurrences that had triggered coverage under the then-exhausted primary policies. Plaintiff, in turn, sought reimbursement from defendants for those costs under the reinsurance policies. Defendants refused to pay, contending that plaintiff was not obligated under the umbrella policies to pay and, thus, the reinsurance contracts were not triggered.
Plaintiff thereafter commenced this action, asserted causes of action for breach of contract and declaratory judgment, and sought, inter alia, enforcement of the reinsurance policies. Defendants-appellants (hereafter, defendants) moved for partial summary judgment seeking a declaration that plaintiff may not recover from defendants any of the disputed defense costs [*2]plaintiff paid under the umbrella policies to defend Burnham in the underlying actions. Plaintiff cross-moved for partial summary judgment on the amended complaint insofar as the amended complaint sought a finding that defendants breached their obligations to pay certain amounts billed by plaintiff under the reinsurance contracts and a declaration that defendants are obligated to pay their respective shares of plaintiff's "future expense billings." Supreme Court agreed with defendants that the unambiguous terms of the umbrella policies established that the disputed defense costs were not covered under those polices and thus were likewise not covered under the reinsurance policies. Nevertheless, the court denied the motion and the cross motion, finding that issues of fact existed regarding the follow-the-settlements doctrine. Defendants appeal, and plaintiff cross-appeals.
Addressing first the cross appeal, we reject plaintiff's contention that the court erred in applying New York law and not Pennsylvania law to its analysis of the umbrella policies, the latter being the location of Burnham's facility and the main location of the insured risk. "[B]ecause New York is the forum state, i.e., the action was commenced here, 'New York's choice-of-law principles govern the outcome of this matter' " (Burnett v Columbus McKinnon Corp., 69 AD3d 58, 60 [4th Dept 2009]). "The first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved" (Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]). "If no conflict exists, then the court should apply the law of the forum state in which the action is being heard" (Excess Ins. Co. v Factory Mut. Ins. Co., 2 AD3d 150, 151 [1st Dept 2003], affd 3 NY3d 577 [2004]). Here, plaintiff failed to establish the existence of "any conflict between New York and Pennsylvania law with respect to the issues raised in the [cross] motion, and therefore we need not engage in any choice of law analysis" (Farnham v MIC Wholesale Ltd., 176 AD3d 1605, 1606 [4th Dept 2019]).
Contrary to plaintiff's further contention on the cross appeal, we conclude that the court properly determined that defendants established that their interpretation of the umbrella policies, i.e., that those policies did not cover defense costs in the underlying actions inasmuch as those costs were covered by the primary insurance policies, is the only fair construction thereof (see Albert Frassetto Enters. v Hartford Fire Ins. Co., 144 AD3d 1556, 1557 [4th Dept 2016]; cf. Utica Mut. Ins. Co. v McAteer & FitzGerald, Inc., 78 AD3d 1612, 1612 [4th Dept 2010]; see generally Arrow Communication Labs. v Pico Prods., 206 AD2d 922, 923 [4th Dept 1994]). We consider first the language of the umbrella policies (see W.W.W. Assoc. v Giancontieri, 77 NY2d 162, 162 [1990]), which provides that: "With respect to any occurrence not covered by the policies listed in the schedule of underlying insurance or any other insurance collectible by the insured, but covered by the terms and conditions of this policy (including damages wholly or partly within the amount of the retained limit), the company shall: (a) defend any suit against the insured . . ." (emphasis added). As the Second Circuit determined in Utica Mut. Ins. Co. v Munich Reins. Am., Inc. (7 F4th 50, 57 [2d Cir 2021] [Munich]), "[t]he phrase 'occurrence not covered by' unambiguously refers to the umbrella policy's . . . coverage of risks that were not already insured under the primary policy." There is no dispute here that the primary policies covered Burnham's defense costs in the underlying actions.
Plaintiff urges this Court to interpret the provision to mean that the defense costs are covered under the umbrella policies because they ceased being covered under the primary policies once the primary policies had been exhausted. However, as in Munich, we conclude that "neither the umbrella nor the primary polic[ies] suggest[] that an occurrence is no longer a 'covered' risk after exhaustion; what ceases is the obligation to pay for liabilities arising from the risks that are covered" (id. at 57-58). Although plaintiff notes certain differences between the umbrella policies at issue here and those in Munich (see Utica Mut. Ins. Co. v Clearwater Ins. Co., 2022 WL 823932 *5 [ND NY, Mar. 18, 2022, No. 6:13-CV-1178 (GS/TWD)]), the differences are not material to, and do not alter, the unambiguous meaning of the phrase "occurrence not covered by." Thus, the unambiguous terms of the umbrella policies establish that defendants were not required to reimburse plaintiff under the reinsurance contracts for the disputed defense costs related to the underlying actions.
With respect to the appeal, we agree with defendants that, contrary to the court's determination, the follow-the-settlements doctrine does not alter the analysis. It is undisputed that the reinsurance policies at issue each contain a follow-the-settlements clause. Where it [*3]applies, the follow-the-settlements doctrine "ordinarily bars challenge by a reinsurer to the decision of [the cedent] to settle a case for a particular amount" (United States Fid. & Guar. Co. v American Re-Ins. Co., 20 NY3d 407, 418 [2013], rearg denied 21 NY3d 923 [2013]). Specifically, under that doctrine, "a reinsurer is required to indemnify for payments reasonably within the terms of the original policy, even if technically not covered by it. A reinsurer cannot second guess the good faith liability determinations made by its reinsured . . . The rationale behind this doctrine is two-fold: first, it meets the goal of maximizing coverage and settlement and second, it streamlines the reimbursement process and reduces litigation" (Travelers Cas. & Sur. Co. v Certain Underwriters at Lloyd's of London, 96 NY2d 583, 596 [2001] [internal quotation marks omitted]). There are, however, limitations to the doctrine. The follow-the-settlements doctrine "insulates a reinsured's liability determinations from challenge by a reinsurer unless they are fraudulent, in bad faith, or the payments are clearly beyond the scope of the original policy or in excess of [the reinsurer's] agreed-to exposure" (Allstate Ins. Co. v American Home Assur. Co., 43 AD3d 113, 121 [1st Dept 2007], lv denied 10 NY3d 711 [2008] [internal quotation marks omitted]; see also North River Ins. Co. v ACE Am. Reins. Co., 361 F3d 134, 141 [2d Cir 2004]). Here, the reimbursement sought by plaintiff from defendants was beyond the scope of coverage in the umbrella policies and, thus, the follow-the-settlements doctrine does not apply under the circumstances (see Utica Mut. Ins. Co. v Fireman's Fund Ins. Co., 957 F3d 337, 347 [2d Cir 2020]; cf. Christiania Gen. Ins. Corp. of N.Y. v Great Am. Ins. Co., 979 F2d 268, 280 [2d Cir 1992]).
We have considered plaintiff's remaining contentions and conclude that they are without merit. We therefore modify the order by granting defendants' motion and granting judgment in their favor declaring that plaintiff is not entitled to recover from defendants reimbursement under the reinsurance contracts for defense costs paid by plaintiff to Burnham in the underlying actions under the umbrella policies of insurance.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court