Utica Mut. Ins. Co. v American Re-Insurance Co. (2022 NY Slip Op 07370)

Utica Mut. Ins. Co. v American Re-Insurance Co.

2022 NY Slip Op 07370

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

867 CA 21-00932

[*1]UTICA MUTUAL INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v
AMERICAN RE-INSURANCE COMPANY, NOW KNOWN AS MUNICH REINSURANCE AMERICA, INC., DEFENDANT-RESPONDENT. 

HUNTON ANDREWS KURTH LLP, WASHINGTON, D.C. (SYED S. AHMAD, OF THE WASHINGTON, D.C. BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND FELT EVANS, LLP, CLINTON, FOR PLAINTIFF-APPELLANT. 
RUBIN, FIORELLA, FRIEDMAN & MERCANTE LLP, NEW YORK CITY (BRUCE M. FRIEDMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Oneida County (Gregory R. Gilbert, J.), entered June 22, 2021. The order, inter alia, granted the motion of defendant for summary judgment dismissing the complaint on the ground of collateral estoppel, granted defendant's cross motion for summary judgment dismissing plaintiff's claim for interest on allegedly late loss payments, and declined to reach defendant's motion for summary judgment dismissing plaintiff's claim for defense costs. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the fifth and sixth ordering paragraphs, denying defendant's motion for summary judgment dismissing the complaint as barred by collateral estoppel, granting defendant's motion for summary judgment dismissing the complaint insofar as it asserts a claim for defense costs, denying plaintiff's cross motion for summary judgment on the issue of defense costs, denying defendant's cross motion for summary judgment dismissing the complaint insofar as it asserts a claim for interest on allegedly late loss payments and reinstating the complaint to that extent and as modified the order is affirmed without costs.
Memorandum: Plaintiff issued primary and umbrella policies of insurance to nonparty Burnham Corporation (Burnham) covering, as relevant to this appeal, a period from 1977 to 1984. Plaintiff obtained from defendant reinsurance coverage for the same period related to the umbrella policies. Burnham was sued by individuals who were allegedly injured by exposure to equipment that was manufactured by Burnham and that contained asbestos (underlying actions). Plaintiff paid defense costs and losses under the primary policies and, when it allegedly exhausted the primary policies, it began to pay claims under the umbrella policies. Plaintiff sought reimbursement from defendant for defense costs under the reinsurance policies, but defendant refused to pay, contending that plaintiff was not obligated under the umbrella policies to pay such costs and that the reinsurance contracts thus were not triggered.
Plaintiff thereafter commenced this action, asserting, inter alia, a cause of action for breach of contract. In 2016, the parties entered a settlement as to certain sums defendant allegedly owed to plaintiff under the reinsurance policies. As part of that settlement, plaintiff retained its claim to what the parties denominate loss interest, i.e., interest on the payment made under the settlement, which was allegedly untimely. Defendant moved for summary judgment dismissing the complaint on the ground of collateral estoppel and plaintiff cross-moved for summary judgment on its causes of action and dismissing defendant's counterclaims. In a separate set of motions, defendant moved for summary judgment dismissing the claim for [*2]defense costs and plaintiff cross-moved for summary judgment on the claim for defense costs and dismissing defendant's counterclaims. Lastly, plaintiff moved for partial summary judgment on the loss interest claim, and defendant cross-moved for summary judgment dismissing that claim. Plaintiff appeals from an order of Supreme Court that, inter alia, granted defendant's motion for summary judgment based on collateral estoppel, denied plaintiff's corresponding cross motion, declined to reach defendant's motion for summary judgment dismissing the claim for defense costs and plaintiff's corresponding cross motion, granted defendant's cross motion for summary judgment dismissing the loss interest claim, and denied plaintiff's corresponding motion.
As an initial matter, we agree with plaintiff that the court erred in granting defendant's motion for summary judgment dismissing the complaint as barred by collateral estoppel based on the decision in Utica Mut. Ins. Co. v Munich Reins. Am., Inc. (7 F4th 50 [2d Cir 2021]), and we modify the order accordingly. The issue of the interpretation of the language of an insurance policy involves a pure question of law, and "the doctrine of collateral estoppel does not preclude [plaintiff] from litigating that issue again, despite the Federal court['s] prior adverse determination on the point" (American Home Assur. Co. v International Ins. Co., 90 NY2d 433, 440 [1997]). Moreover, collateral estoppel does not apply unless the previously litigated issue was "identical to that in the subsequent action and decided after a full and fair opportunity to litigate" (Medlock Crossing Shopping Ctr. Duluth, Ga. L.P. v Warren, 175 AD3d 934, 936 [4th Dept 2019]), and "[t]he party seeking to invoke collateral estoppel has the burden to show the identity of the issues" (Matter of Dunn, 24 NY3d 699, 704 [2015]). Inasmuch as the language at issue here differs in certain respects from that in the documents that were the subject of the prior litigation, defendant failed to meet that burden.
Nevertheless, we conclude that defendant established that its interpretation of the umbrella policies—i.e., that those policies did not cover defense costs in the underlying actions inasmuch as those costs were covered by the primary insurance policies—is the only fair construction thereof (see generally Arrow Communication Labs. v Pico Prods., 206 AD2d 922, 923 [4th Dept 1994]). We therefore further modify the order by granting defendant's motion for summary judgment dismissing the complaint with respect to defense costs and denying plaintiff's corresponding cross motion. The umbrella policies here provided that, "[w]ith respect to any occurrence not covered by the policies listed in the schedule of underlying insurance or any other insurance collectible by the insured, but covered by the terms and conditions of this policy (including damages wholly or partly within the amount of the retained limit), the company shall: (a) defend any suit against the insured" (emphasis added). We conclude that "the unambiguous terms of the umbrella policies establish that defendant[was] not required to reimburse plaintiff under the reinsurance contracts for the disputed defense costs related to the underlying actions" (Utica Mut. Ins. Co. v Abeille Gen. Ins. Co., 206 AD3d 1666, 1669 [4th Dept 2022]).
We agree with plaintiff, however, that the court erred in granting defendant's cross motion for summary judgment dismissing the complaint insofar as it asserts a claim for loss interest. Defendant failed to "sufficiently demonstrate entitlement to judgment, as a matter of law, by tender of evidentiary proof in admissible form" (Ritts v Gowanda Rehabilitation & Nursing Ctr., 201 AD3d 1341, 1342 [4th Dept 2022] [internal quotation marks omitted]). Because defendant failed to meet its initial burden on its cross motion, the burden never shifted to plaintiff, and denial of the cross motion "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). We therefore further modify the order by denying defendant's cross motion and reinstating the complaint insofar as it seeks loss interest.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court